Rodney B. SHIELDS, Plaintiff,

v.

The VALLEY NATIONAL BANK OF ARIZONA, Defendant.

Civ. No. 71-628-PHX.

United States District Court,
D. Arizona,
Phoenix Division.

April 24, 1971.

ORDER

Rodney B. Shields, pro se.

Mark Wilmer, Snell & Wilmer, Dennis M. Balint, Rawlins, Ellis, Burrus & Kiewit, Phoenix, Ariz., for defendant.

FREY, District Judge.

The plaintiff in this case brought an action under the Truth-in-Lending Act, Title 15, United States Code, Section 1601 et seq., for damages alleging that the Valley National Bank (hereafter called "Bank") had violated the Act by over-charging the plaintiff, Rodney B. Shields (hereafter called Shields), (thirteen (13) cents) on his Master-Charge Account. He now seeks to enlarge his case into a class action. The Bank raises several objections to allowance of a class action, to-wit: that the class action is being initiated by amended complaint without service by the class on the Bank; that the class action seeks to relate back prior to the time when the Bank realized its error and corrected it; that since Shields represents himself, being both plaintiff and attorney, he will not fairly and adequately represent the interests of the class. The Bank further objects to Shields representing the class as plaintiff and attorney, because he may lack the objectivity to represent the class by virtue of his closeness to the action as a plaintiff and thus may become emotionally and financially involved in the outcome of the case.

It appears all the objections are well taken, but that the Bank's last objection alone is sufficient to dispose of the issue of the proposed class action. The Bank is stating that Shields' proposed class action does not fulfill the requirements of Rule 23(a) (4), Federal Rules of Civil Procedure, ". . . the representative parties will fairly and adequately protect the interests of the class". This part of Rule 23 must be fulfilled. It appears that Rodney B. Shields has failed to show that he can and will protect the interests of the members of the class. In fact, he has demonstrated just the opposite. It is necessary for the attorney to be competent to represent the class. Katz v. Carte Blanche Corporation, 52 F.R.D. 510 (D.C.W.D.Pa.1971). His actions

tend to demonstrate a lack of experience and lack of understanding of the Federal Rules of Civil Procedure and the Rules of this District. In his pleadings he has failed to follow these Rules. The Court further feels that Shields has not demonstrated competence to represent the class because he seeks to be not only the attorney for the class and be awarded a fee for his representation, he seeks in the same action, personal relief. The practice involved does not seem to the Court to comport with the high quality of objectivity, duty and integrity required of lawyers practicing in this Court or elsewhere. This case seems to involve a questionable method of soliciting legal business and such solicitation should not be encouraged.

■■ Even if Mr. Shields can overcome his problems with respect to fulfilling the requirement of Rule 23(a) (4), still he must satisfy the requirements of 23(b) (3), and demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of the rights of the parties of the controversy. In considering the above mentioned part of Rule 23(b) other Courts have found that in this type of case, there are other methods of fair and efficient adjudication of the controversy. Further, the matters to be considered and which are listed in 23(b) (3) are not intended to be exclusive considerations. Buford v. American Finance Company, 333 F.Supp. 1243 (D.C.1971).

Under the Act (Title 15, United States Code, Section 1601 et seq.) anyone may seek relief, recover damages and attorney's fees and have a uniform result with other persons in the same situation. In addition, there are difficulties inherent in the management of a class action where the class is large. In this case the class is conceded to be rather large. Under the Act the members can bring their own action if they wish. In a class action, the plaintiff will have to contact all members of the class and wait for the members to decide if they want out or in the class action, and, if they want Shields to represent them. Since, there is a one year statute of limitation, this procedure would probably result in delay which would run out the statute of limitation on most if not all members of the class. Buford v. American Finance Corp.

Apropos of the issues before the Court, in the recent case of Rogers v. Coburn Finance Corp. of De Kalb, 54 F.R.D. 417, filed February 18, 1972, N.D. Ga., Judge Edenfield stated:

"Judge Marvin Frankel, a leading proponent of Rule 23, see Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39 (1967), recently denied class action treatment in a Truth-in-Lending case quite similar in nature to Buford and to the instant case. Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412 [Civil No. 69 Civ. 4195] (S.D.N.Y., Feb. 14, 1972). He reasoned that the 'broad and open-ended terms' of Rule 23 'call for the exercise of some considerable discretion of a pragmatic nature.' He then emphasized that the incentive of a class-action benefits in the case before him was unnecessary in view, of the Truth-in-Lending Act's provisions for recovery and, more importantly, that the proposed minimum recovery of $100 each for all the class members would be 'a horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant, for what is at most a technical and debatable violation of the Truth-in-Lending Act.' Judge Frankel concluded that the allowance of a class action in the case before him was essentially inconsistent with the specific remedy supplied by the Truth-in-Lending Act and employed by the plaintiff in his case. He therefore ruled that, under the circumstances of the case, the 23(b) (3) form of class action was not 'superior to' the specifically available method of

recovery provided by the Act for the fair and efficient adjudication of the controversy.

*Judge Frankel's observations apply equally to the instant case.* A class action recovery would be a 'horrendous, possibly annihilating punishment' for defendant. And as this Court pointed out in *Buford*, the members of the class plaintiff seeks to represent may still bring their own individual actions and may move this Court to toll the applicable one-year statute of limitations period upon a showing that they purposely refrained from filing their own actions within the time limit in reliance upon the maintenance of a class action in the instant case. *The Court concludes that a class action is not superior to the statutory method of individual recovery, and that plaintiff has not met the requirements of Rule 23(b) (3)."*

Further matter mitigating against allowance of a class action in this case, Shields wants to relate back his class action to a time before the Bank made its corrections of the error and made reimbursement of the overpaid interest. This appears to be an attempt to defeat the statute of limitations and include more people in the class which could be the basis of a claim for a larger attorney's fee. All of this manuevering by Shields seems contrary to the intent of the Act and appears to be an attempt to impose the "horrendous, possibly annihilating punishment for the defendant" mentioned by Judge Frankel. These possible parties have already been placed in the same position as if the Bank had initially complied with the Truth-in-Lending Act.

Shields proposed class action does not comply with Rule 23(b) (1) (A) and (B), because as pointed out above, under the Truth-in-Lending Act all members of the class are granted individually the same rights and outcome they have collectively and grants all members of the class the right and power to hold the defendant to the same standard of conduct. The proposed class action simply does not fulfill the requirement of 23(b) (2); no declaratory or injunctive relief is sought and the Truth-in-Lending Act by its content forces the Bank to a standard of conduct which is applicable to all the Bank's customers whether they are members of the proposed class or not.

At a time when large business firms in general appear to be a scapegoat for a great many of our Nation's problems, the Courts should not gratuitously add the final straw. The Truth-in-Lending Act has laudible purposes and should be strictly enforced by the Courts, but it should not be allowed to be used as means of oppression or harassment or unjust enrichment. An interpretation of the Act to allow class actions, such as sought by Mr. Shields, could be the means of curing an illness by killing the patient and in the process promoting unnecessary litigation mainly for the benefit of a few lawyers ready and willing to promote such cases.

Having so concluded, the Court finds that the plaintiff's attempt to make his individual action a class action, must fail.

In addition to the foregoing issue with respect to amendments, there are several other matters pending for determination:

1. Defendant's objections to interrogatories.

2. Defendant's objections to plaintiff's requests for admissions.

3. Defendant's motion to strike amendment to complaint and an affidavit attached to plaintiff's original complaint.

4. Defendant's motion to strike and dismiss filed herein on December 22, 1971.

Defendant's motion to strike the "Amendment to Complaint" dated November 8, 1971, is moot as said amendment was not accepted for filing by the

Clerk of this Court because of failure to comply with the Rules of Practice of this Court.

Defendant's motion to strike the "Affidavit" attached to plaintiff's Complaint is well taken in that same is contrary to Rules 8(a) (2), 10(b) and appears to be evidentiary in nature. It appears to be a unique manner of drafting a complaint, to say the least.

Defendant's objection to plaintiff's "Interrogatories From Plaintiff To Defendant" appear to be well taken as to interrogatories numbered 6 through 9.

Defendant's objection to plaintiff's request for admissions is not well taken. While request No. 2 may be argumentative to a certain degree, it appears that the requests are within the scope of Rule 36 as amended in 1970. It further appears that the requests are capable of a clarifying or qualified response permitted under said Rule 36.

It is ordered:

1. Plaintiff's Motion to Amend Complaint filed herein on December 13, 1971, is denied.

2. Plaintiff's Motion to "Redefine The Class and to Establish a Sub-Class" filed herein on December 15, 1971, is denied.

3. Plaintiff's Motion to Further Amend Complaint filed herein on December 15, 1971, is denied.

4. Plaintiff's Consolidated Motion to Amend Complaint filed herein on January 10, 1972, is denied.

5. Defendant's objections are sustained as to Interrogatories numbered 6 through 9 of the Interrogatories propounded by plaintiff to defendant. Defendant shall have until 5:00 P.M., Friday, May 26, 1972, within which to file answers to plaintiff's Interrogatories 1 through 5.

6. Defendant's objections to plaintiff's Request for Admissions, are denied. Defendant shall have until 5:00 P.M., Friday, May 26, 1972, within which to file answers or responses to such request for admissions.

7. Defendant's Motion to Strike the Affidavit filed in support of plaintiff's orginal Complaint, is granted, and same shall be stricken from the record and filed herein.

8. Defendant's Motion to Strike and Dismiss filed herein on December 22, 1971, is declared moot by virtue of the foregoing Orders of the Court.