**Roosevelt ROGERS**

v.

**COBURN FINANCE CORP. OF DeKALB, individually and d/b/a Coburn Finance Corp. of Doraville, Ga.**

**Civ. A. No. 14843.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 22, 1971.

Joseph L. Abraham, Atlanta, Ga., for plaintiff.

Lefkoff & Hanes, Atlanta, Ga., for defendant.

**ORDER**

EDENFIELD, District Judge.

This action presents a claim under the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. (1970), in which plaintiff seeks to recover the statutory penalty, plus allowable costs and reasonable attorney's fees, provided by the Act. Jurisdiction exists under 15 U.S.C. § 1640(e) (1970). Plaintiff has brought this as a class action and the matter is now before the court on defendant's motion to terminate the class action.

In order to maintain this suit as a class action plaintiff must satisfy the four requirements of Rule 23(a), Federal Rules of Civil Procedure, and any one

of the three subdivisions of Rule 23(b). It appears that the prerequisites of Rule 23(a) are satisfied in this case, and the question is whether the class action may be maintained pursuant to Rule 23(b)(3)[1] which states:

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

Plaintiff contends that the disclosure statement given to him by defendant when he obtained his loan violated the Truth in Lending Act in at least nine ways. He seeks to represent a class of persons who obtained loans from defendant and to whom defendant gave disclosure statements which violated the Act in any one of those nine ways.

In typical class actions involving damage claims, a court deals with a set of facts and legal issues which predominantly relate to all members of the class.

If the suit is resolved in favor of the representative plaintiff, the other class members can claim their share of the award by simply filing a proof of claim. The court is thus spared the burden of adjudicating each claim separately.

In the present case, however, the court is called upon to physically examine the disclosure statement given to plaintiff and determine whether defendant:

(a) failed to use the proper form for a disclosure statement;

(b) failed to print the terms "finance charge" and "annual percentage rate" more conspicuously than other terms appearing in the statement;

(c) failed to disclose the "finance charge" and "annual percentage rate" clearly, conspicuously, and in meaningful sequence;

(d) failed to disclose the "finance charge", "annual percentage rate", "prepaid finance charge", and "amount financed" as required; and

(e) failed to properly describe the security interest held.

Clearly no economy whatever would be gained if this suit were to be maintained as a class action since the court would still be required to physically examine several thousand disclosure statements in detail to determine if any of the failures listed above were made. Such a situation would rapidly degenerate into multiple lawsuits separately tried, which is precisely what Rule 23(b)(3) prohibits. Amendments to Rules of Civil Procedure, Advisory Committee's Notes, 39 F.R.D. 69, 103 (1966). Since questions of fact—and the connected questions of law—common to the class do not, in this case, predominate over questions affecting individual mem-

---

1. In its brief defendant has argued that Rule 23 should not be applied to cases involving the Truth in Lending Act. Neither the legislative history of the Act nor its words support such a position. This court must therefore determine whether the requirements of Rule 23 are met in this particular Truth in Lending case.

bers, Rule 23(b) (3) is not satisfied and this suit may not be maintained as a class action. School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1001, 1004 (E.D.Pa. 1967). *See* Turley v. Adel Community School District, 322 F.Supp. 402, 411 (S.D.Iowa 1971); Wright v. McMann, 321 F.Supp. 127, 137 (N.D.N.Y.1970); United States v. Cantrell, 307 F.Supp. 259, 267 n. 19 (E.D.La.1969).

For the foregoing reasons defendant's motion to terminate the class action in this lawsuit is granted.

It is so ordered.