Roosevelt ROGERS

v.

**COBURN FINANCE CORP. OF DeKALB,
individually and d/b/a Coburn Finance
Corp. of Doraville, Ga.**

**Civ. A. No. 14843.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 18, 1972.

Joseph L. Abraham, Atlanta, Ga., for plaintiff.

Lefkoff & Hanes, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiff has filed this class action suit raising a claim under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (1970) as well as an appended state claim for damages. This court originally granted defendant's motion to terminate the class action aspect of the case on the ground that the questions of fact and law common to the class did not predominate over questions affecting the individual members of the class. Rogers v. Coburn Finance Corp. of DeKalb, 53 F.R.D. 182 (N.D.Ga.1971). Plaintiff alleged that the loan disclosure statement he had received from defendant contained numerous violations of the Truth in Lending Act and he sought to represent all persons who had borrowed money from defendant within a year of the filing of his complaint. The court pointed out that it would be called upon to examine several thousand different disclosure statements if such a "class action" were allowed, and, since that would be completely inconsistent with Rule 23, the court terminated the class action.

Subsequently, plaintiff moved for reconsideration and requested permission to discover from defendant, among other things, exactly how many disclosure statements would be involved. The court granted plaintiff's motion for reconsideration, vacated its previous order, and propounded four questions to defendant which defendant answered. These answers establish that between March 11, 1970 and March 11, 1971—the period covered by this lawsuit—defendant consummated 300 loan transactions and that it used only two types of disclosure statements in those transactions: a "new statement" form, given to 204 borrowers (including plaintiff), and an "old statement" form, given to 74 borrowers. Apparently, no statements were given to three borrowers and the relevant records as to 19 borrowers have been destroyed.

■ Plaintiff has alleged that both disclosure statements used by defendant between March 11, 1970 and March 11, 1971 on their face violate the Truth in Lending Act. In addition, defendant has informed the court in its answers that a notary fee of $1.00 was charged to at least 207 borrowers and that in all these transactions this fee was not included in the "finance charge" as shown on the disclosure statements. This court has already decided that such action violates the Truth in Lending Act. Buford v. American Finance Corp., 333 F.Supp. 1243 (N.D.Ga.1971). Thus the questions of law and fact common to the class certainly predominate over any questions—such as the computation of recovery—which might affect only individual members.

■ Nevertheless, since plaintiff has predicated the maintenance of a class action in this case upon Rule 23(b) (3), Fed.R.Civ.P., this court must find *both* that

"... the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, *and that a class action is superior* to other available methods for the fair and efficient adjudication of the controversy." (Emphasis added.)

As this court noted in Buford v. American Finance Corp., *supra*, at 1250–1251, the determination as to the superiority of a class action is a matter directed to the court's discretion. In the instant case, plaintiff, should he prevail on the merits, is guaranteed under the Truth in Lending Act a minimum recovery of $100 plus costs and reasonable attorney's fees without proof of any damages whatever. As a class action, the minimum total recovery would be in the neighborhood of $30,000, exclusive of costs and attorney's fees. This could well put defendant out of business entirely.

Judge Marvin Frankel, a leading proponent of Rule 23, *see* Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39 (1967), recently denied class action treatment in a Truth-in-Lending case quite similar in nature to *Buford* and to the instant case. Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412 (S.D. N.Y., Feb. 14, 1972). He reasoned that the "broad and open-ended terms" of Rule 23 "call for the exercise of some considerable discretion of a pragmatic nature." He then emphasized that the incentive of class-action benefits in the case before him was unnecessary in view of the Truth in Lending Act's provisions for recovery and, more importantly, that the proposed minimum recovery of $100 each for all the class members would be "a horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant, for what is at most a technical and debatable violation of the Truth in Lending Act." Judge Frankel concluded that the allowance of a class action in the case before him was essentially inconsistent with the specific remedy supplied by the Truth in Lending. Act and employed by the plaintiff in his case. He therefore ruled that, under the circumstances of the case, the 23(b)(3) form of class action was not "superior to" the specifically available method of

recovery provided by the Act for the fair and efficient adjudication of the controversy.

Judge Frankel's observations apply equally to the instant case. A class action recovery would be a "horrendous, possibly annihilating punishment" for defendant. And as this court pointed out in *Buford,* the members of the class plaintiff seeks to represent may still bring their own individual actions and may move this court to toll the applicable one-year statute of limitations period upon a showing that they purposely refrained from filing their own actions within the time limit in reliance upon the maintenance of a class action in the instant case. The court concludes that a class action is not superior to the statutory method of individual recovery, and that plaintiff has not met the requirements of Rule 23(b)(3).

▉▉ Having so concluded, the court finds plaintiff's motions for discovery for class action purposes, and defendant's motion to strike plaintiff's amended complaint relating to the class action, moot. However, since some members of the class plaintiff sought to represent may still wish to file individual claims, defendant will be ordered to maintain all records pertaining to loans consummated between March 11, 1970 and March 11, 1971.

For the foregoing reasons, it is hereby ordered that:

(1) Defendant's motion to reinstate this court's order terminating the class action in the above-styled case is granted and the case shall proceed as an individual action by plaintiff.

(2) Plaintiff's motion for an order requiring defendant to preserve loan records is granted and defendant shall maintain and preserve until the final determination of this case all relevant documents and other material pertaining to loans consummated by

defendant between March 11, 1970 and March 11, 1971.

(3) Plaintiff's motions for discovery and defendant's motion to strike plaintiff's amended complaint are denied.

(4) The parties may commence discovery in this case in accordance with Local Rule 10.