Alvin H. KRIGER, on behalf of himself and others similarly situated, Plaintiff,

v.

EUROPEAN HEALTH SPA, INC., OF MILWAUKEE, WISCONSIN, a Wisconsin corporation, et al., Defendants.

No. 72–C–72.

United States District Court, E. D. Wisconsin.

July 18, 1972.

Lorinczi & Weiss, by Robert K. Steuer, Milwaukee, Wis., for plaintiff.

Quarles, Herriott, Clemons, Teschner & Noelke, by John S. Holbrook, Jr. and Larry J. Martin, Milwaukee, Wis., for European Health Spa and Health Industries, Inc.

Foley & Lardner, by James P. Brody, Lawrence J. Bugge and Robert A. Christensen, Milwaukee, Wis., for First Wisconsin National Bank.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff brought this action on behalf of himself and "others similarly

situated" seeking to recover statutory damages for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

The violations are claimed to have occurred as a result of an agreement between the defendants whereby the defendant bank purchased promissory notes or retail installment contracts from the defendant spa at discounts. These notes and contracts evidenced promises by customers of the defendant spa to pay their membership fees in regular installments. Since customers were charged a firm fee, regardless of whether payment was to be immediate in cash or over a period of time in installments, the defendant spa listed "none" and "0%" in the installment contract form disclosures for "finance charge" and "annual percentage rate" respectively.

The plaintiff urges that such disclosures, which are required by the act, were false, alleging that the defendant spa and the defendant Health Industries, Inc., "were acting as conduits for the credit actually extended by the defendant [bank]". Correct disclosures, therefore, allegedly should have reflected the discount price used in arrangements between the defendant spa and the defendant bank.

The defendants' answers challenged, among other things, the class the plaintiff seeks to represent. The plaintiff then moved for an order allowing the action to be maintained as a class action. He later moved for an order allowing certain named individuals to intervene as plaintiffs. This opinion will consider both motions.

■ To be maintainable as a class action, a claim must support a preliminary determination that the proposed class is capable of definition. It must also satisfy Rule 23, Federal Rules of Civil Procedure, in that it must fulfill all the requirements of 23(a) and come within one of the subparts of 23(b). Thomas v. Clarke, 54 F.R.D. 245, 248 (D.Minn. 1971).

The plaintiff defines the class as all persons who purchased membership contracts in the defendant spa within one year of filing this action "whose membership contracts were financed, directly or indirectly" with the defendant bank. It is apparent that the plaintiff is referring to all members whose contracts were sold to the defendant bank at discounts. As such, the class appears capable of definition.

Rule 23(a) requires a showing that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

■■ It would appear that the class contains approximately 1600 people, that the plaintiff's contractual arrangement with the defendant spa is similar to those of other members, and that his relationship with the defendant spa, apart from this litigation, is typical; thus, it seems that the first three requirements of Rule 23(a) are satisfied. However, this cannot be said about the fourth requirement. The plaintiff, as an attorney associated with the firm representing him in this action, cannot, in law, "fairly and adequately protect the interests of the class."

All parties agree that a burdensome ethical question would be raised if the plaintiff were to be called as a witness while his firm is employed in the matter. The plaintiff responds that he can pursue the matter without testifying, or, if he should be required to testify, his employers can withdraw as counsel. I find the latter solution unsatisfactory. A person wishing to represent a class

must be able to demonstrate "the forthrightness and vigor . . . which the representative party can be expected to assert." Mersay v. First Republic Corp., 43 F.R.D. 465, 470 (S.D.N.Y. 1968). This plaintiff has commenced an action under a disability that no other member of the class is likely to have— an inability to testify except at the cost of withdrawal of counsel familiar with the case from its inception. It is not enough to say that his testimony may not be needed; the possibility of such a need makes him less capable of adequate representation than others in the class.

■ The category of Rule 23(b) within which this action is alleged to fall is found in 23(b)(3). This requires a showing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." I think it is apparent that common questions of law and fact predominate in this claim. However, I do not believe that a class action in the matter at bar is superior to the individual action provided for in the Truth in Lending Act.

The act provides for minimum damages of $100 plus costs and reasonable attorney's fees, without proof of actual damages. 15 U.S.C. § 1640(a). This provision seriously lessens the fundamental argument for allowing a class action—that it is an incentive to litigate claims that are too small to make individual suits economically practical. Eisen v. Carlisle & Jacqueline, 391 F.2d 555 (2d Cir. 1968). Furthermore, the impact of a successful class action involving such statutory damages could be so severe as to destroy a defendant, and I doubt that Congress intended such a result. Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412, 416 (S. D.N.Y.1972). Considering the statutory remedy which is available and the "horrendous, possibly annihilating punishment, unrelated to any damage" that Ratner recognized as a likely product of cases such as this, I do not find a class action to be "superior" under Rule 23(b)(3).

Ratner was the first case to evaluate critically and thoroughly the relationship of class actions and Truth in Lending Act claims. It appears to have influenced such subsequent decisions as Rogers v. Coburn Finance Corp. of De Kalb, 54 F.R.D. 417 (N.D.Ga.1972); Kenney v. Landis Financial Group, Inc., 71–C–32–CR (N.D. Ia. March 30, 1972); Shields v. Valley National Bank of Arizona, 56 F.R.D. 448 (D.Ariz.1972). Those cases holding contrary to Ratner have not contained so compelling an analysis of the "superiority" requirement. See, e. g., Joseph v. Norman's Health Club, Inc., 336 F.Supp. 307 (E. D.Mo.1971); Katz v. Carte Blanche Corp., 52 F.R.D. 510, 53 F.R.D. 539 (W. D.Pa.1971).

In Ratner the court did not intend the decision to be generally applicable to all actions brought under the Truth in Lending Act, but the facts in the instant case are such that its reasoning is irresistable. The number of class members here is smaller than in the Ratner situation, but the effect could be as catastrophic. As in Ratner, that effect could follow even though actual damages, assuming the plaintiff can support his damage theory, might be a small fraction of statutory damages.

The motion to allow this matter to proceed as a class action must be denied. This ruling also proves dispositive of the motion to intervene; the defendants do not oppose that motion in the absence of class action authorization.

Therefore, it is ordered that the plaintiff's motion for determination of class action be and hereby is denied.

It is further ordered that the plaintiff's motion to intervene be and hereby is granted.