Steven **GOLDMAN** et al., Plaintiffs,

v.

The **FIRST NATIONAL BANK OF CHICAGO**, Defendant.

No. 71 C 1653.

United States District Court,
N. D. Illinois, E. D.

Sept. 22, 1972.

588

Pressman & Hartunian, Chicago, Ill., Irwin Shechtman, Palatine, Ill., for plaintiffs.

Leslie A. Hodson, Don H. Reuben, and Joseph DuCoeur, of Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendant's motion to disallow the maintenance of the instant action as a class action pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure.

When plaintiff Steven Goldman ("Goldman") opened an open end consumer credit account under defendant's BANKAMERICARD plan, defendant was required, by reason of section 127 of the Truth in Lending Act, 15 U.S.C. § 1637, to make a number of disclosures. In a two count complaint, Goldman alleges defendant did not "clearly and conspicuously" make certain of these required disclosures.

Goldman purports to bring this action on behalf of a class of plaintiffs. This

class, as defined by Goldman, consists of:

> ALL BANKAMERICARD cardholders 'who have incurred finance charges which commenced less than twenty-five days from the billing date for . . . credit purchases.'

Defendant, by the instant motion, urges this Court to disallow the maintenance of a class of plaintiffs in this case.

Under Rule 23(a) of the Federal Rules of Civil Procedure, a class can be maintained only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims . . . of the representative parties are typical of the claims . . . of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

There appears to be no question but that the proposed class is so numerous that joinder of all members would be impracticable. Further, it is obvious from the pleadings that there are questions of law common to the class and the claims of the representative parties are typical of the claims of the class. Defendant raises the issue of the ability of plaintiff to fairly and adequately represent the class,[1] but in view of the ruling of the Court, this issue will not be ruled upon.

In addition to meeting all of the requirements of Rule 23(a), a class must meet at least one of the requirements set out in Rule 23(b). Plaintiff contends that its proposed class meets all three subdivisions of Rule 23(b); defendant contends that only the third subdivision has any application to the instant suit.

The first subdivision of Rule 23(b) provides that an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests

. . . .

In Zachary v. Chase Manhattan Bank, 52 F.R.D. 532 (S.D.N.Y.1971), a holder of a "Uni-Card" brought a class action against the issuer of the card alleging that the issuer had been charging interest in excess of that allowed by state law. In denying defendant's motion to

---

1. Defendant, noting that plaintiff is listed as an attorney of record in the instant suit, argues that plaintiff would be more interested in the attorney's fees awarded under a successful action, discussed *infra*, than he would be in a recovery of damages for the class. Without comment, this Court notes the language in Shields v. Valley Nat'l Bank, 56 F.R.D. 448 (D.Ariz., 1972), wherein the Court stated:

> The Court . . . feels that Shields has not demonstrated competence to

represent the class because he seeks to be not only the attorney for the class and be awarded a fee for his representation, he seeks in the same action, personal relief. The practice involved does not seem to the Court to comport with the high quality of objectivity, duty and integrity required of lawyers practicing in this Court or elsewhere. This case seems to involve a questionable method of soliciting legal business and such solicitation should not be encouraged.

disallow the class action, the Court stated:

> In the event plaintiff is able to satisfy Rule 23(a), plaintiff's action is maintainable as a class action under Rule 23(b)(1). The prosecution of separate actions by individual members of the class could lead to inconsistent results with respect to other members of the class (Rule 23(b)(1)(A)) since the finance charge exacted by defendant is either legal or it is illegal as to all members. For the same reason, an adjudication with respect to plaintiff would be, as a practical matter, dispositive of the interests of the other class members (Rule 23(b)(I)(B)). *Id.* at 534 [footnotes omitted].

This Court is not persuaded by the reasoning in *Zachery* which concludes that the denial of the maintenance of a class action in a case similar to the instant one would lead to varying adjudications. In the notes of the Advisory Committee on the Federal Rules of Civil Procedure, classes under Rule 23(b)(1)(A) were discussed thusly:

> One person may have rights against, or be under duties toward, numerous persons constituting a class, and be so positioned that conflicting or varying adjudications in lawsuits with individual members of the class might establish incompatible standards to govern his conduct. . . .
> The matter has been stated thus: 'The felt necessity for a class action is greatest when the courts are called upon to order or sanction the alteration of the status quo in circumstances such that a large number of persons are in a position to call on a single person to alter the status quo, *or to complain if it is altered,* and the possibility exists that [the] actor might be called upon to act in incon-

sistent ways.' Louisell & Hazard, Pleading and Procedure: State and Federal 719 (1962). . . . [Emphasis added].

■ In other words, in order for there to be a risk of varying adjudications, there must be different parties attempting to impose different standards upon an individual. The example provided in the notes of the Advisory Committee clearly shows this principle:

> To illustrate: Separate actions by individuals against a municipality to declare a bond issue invalid . . . might create a risk of inconsistent or varying determinations.

It can be presumed that in this illustration there are parties who desire to have the bond issue invalidated and parties who desire not to have it invalidated. Thus, unless all of these diverse parties can be gathered into one suit through the device of a class action, there would exist a real danger that the municipality might be confronted with varying adjudications and incompatible standards of conduct.

■ In the instant case, there is no danger that the defendant will be confronted with incompatible standards of conduct. As stated in Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412 (S.D.N.Y.1972):

> . . . there is no suggestion that some perverse plaintiff might sue (though none has) to compel *less* disclosure than defendant is now supplying. The prospect of 'varying adjudications' is in a word imaginary. *Id.* at 415 [Footnote omitted].

Similarly, this Court is of the opinion that the risk of varying adjudications in the instant case is "imaginary". Accordingly, for this reason, inter alia,[2]

---

**2.** In Kenney v. Landis Financial Group, Inc., 349 F.Supp. 939 (N.D.Iowa, 1972), a case dealing with the Truth in Lending Act, the Court stated:

> By basing his class upon clause (A) of subdivision (b)(1) plaintiff places himself in the position of seeking to protect defendant against the risk of

plaintiffs will not be allowed to maintain a Rule 23(b)(1)(A) class in the case.

■■ Further, this Court is of the opinion that a Rule 23(b)(1)(B) class cannot be maintained in the instant case. Rule 23(b)(1)(B) is intended to confront situations where the adjudication is dispositive of the interests of others in a practical sense, such as where the distribution of a common fund is determined. It is not applicable simply because a legal precedent may be established. As Professors Travers and Landers have pointed out, the *stare decisis* argument cannot be accepted:

> [T]he argument is that the action may be brought under this subsection because any decision rendered in a suit brought by one of a class of consumers will, as a practical matter, either dispose of, or substantially affect, any subsequent action brought by another member of the class simply because the first decision will be a precedent in subsequent cases. This argument, however, claims too much. For any case to qualify for class action treatment under 23(a)(2) there must be common questions of law or fact, and under 23(b)(3) these questions must 'predominate'. Hence, in any case meeting these criteria the first decision will be a precedent. In effect the argument from stare decision converts virtually all class actions into (b)(1)(B) actions, rendering the other alternatives under rule 23(b) superfluous. Travers and Landers, The Consumer Class Action, 18 Kan. L.Rev. 811, 823–24 (1970).

Before discussing the applicability of classes under Rules 23(b)(2) and (3), this Court would like to discuss the problems of damages in the instant case.

Section 130(a) of the Truth in Lending Act, 15 U.S.C. § 1640(a), provides that any creditor who fails, in connection with any consumer credit transaction, to disclose to any person any information required to be disclosed to that person by the Act is liable to that person in an amount equal to the sum of:

> (1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

> (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

In his first amended complaint, Goldman sought to have this Court award:

> . . . judgment in favor of Plaintiff and the class which he represents in an amount equal to twice the amount of the finance charge in connection with the transaction in which disclosure has been improper, but in no event less than $100.00 per transaction nor more than $1,000.00 per transaction together with the costs of this action together with reasonable attorney's fees. . . .

■ In other words, the minimum statutory amount that could be awarded to plaintiff and the class he purports to represent would be $100 per member of the class per transaction. Considering the number of members in the class and the number of billings with finance charges that each of these members received, the minimum amount of recovery would be conservatively in the millions of dollars. Goldman, apparently aware that no court is likely to levy such a crushing judgment on a defendant for a violation of a very new and technical

having to cope with incompatible standards caused by varying or inconsistent adjudications. Defendant who opposes class determination apparently is willing to accept that hazard. Thus, the

court is of the view that the facts presented by this case do not warrant a determination that plaintiff may proceed as representative of a (b)(1)(A) class. Opin. at 951.

statute, filed a second amended complaint during the pendency of the instant motion. This second amended complaint prays:

> That this Court enter judgment in favor of plaintiff and the class which he represents in an amount equal to twice the amount of the finance charge in connection with the transaction in which disclosure has been improper, together with the costs of this action and reasonable attorneys' fees. In this connection, plaintiff, on behalf of himself and the class, specifically disclaims any prayer for the $100 minimum damages provided for in the Act.

The issue which is raised by this second amended complaint is whether plaintiff has the authority to disclaim the minimum statutory damages on behalf of the class. This Court is of the opinion that he does not.

The Court can find no precedent allowing the representative of a class to disclaim a right given to the members of the purported class by statute. Up to this case, apparently, representatives of a class have vigorously protected all of the rights given to the class. The combination of plaintiff being attorney of record and, at the same time, seeking to disclaim statutory rights of the class members puts plaintiff in a very odd position indeed. Without discussing possible ethical considerations,[3] this Court finds that plaintiff is without power to disclaim rights given to members of the class by statute.

Having resolved that issue,[4] this Court will now turn its attention to the issue of whether a Rule 23(b) (2) class is applicable to the instant suit.

Rule 23(b)(2) provides that an action may be maintained as a class action if the prerequisites of Rule 23(a) are satisfied, and in addition:

> . . . the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . . .

■ Goldman, in his complaint, has requested both damages and injunctive relief. Thus, the issue presented is whether a Rule 23(b)(2) class is appropriate where damages in the millions of dollars have been demanded in addition to the requested injunctive relief. This Court is of the opinion that it is not.

Rule 23(b)(3) is concerned primarily with class actions where damages have been demanded. Thus, as a general rule, each member of a 23(b)(3) has suffered an individual wrong and is entitled to recover individual damages. In the instant case, each member of the class would be entitled to recover a minimum amount of $100 damages if liability is found. Under Rule 23, each member of a Rule 23(b)(3) class is protected by special notice provisions, a right to opt out from the class within a reasonable time and a right to enter an individual appearance through counsel.

None of the rights given to members of a Rule 23(b)(3) class are given to members of a Rule 23(b)(2) class. The reason for this is obvious. An injunction granted at the request of one or a few members of a class effectively precludes the defendant from engaging in the enjoined conduct as to others as well. Moreover, active participation of

---

3. See footnote 1, *supra*.

4. A separate issue is whether Goldman can disclaim the statutory minimum amount on behalf of himself alone. He certainly can. But where plaintiff has disclaimed his statutory amount and where he has no authority to disclaim it on behalf of his class; he cannot be representative of the class since his interest is now different than that of the class members. Thus, the Court will assume for the rest of the opinion that Goldman no longer desires to disclaim the amount.

all class members as parties in an injunction proceeding is unnecessary.

 Accordingly, this Court is of the opinion that where the predominant reason for instituting a suit is the recovery of damages, as is obviously the case here, a Rule 23(b)(2) class is not appropriate. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2nd Cir. 1968); 3B Moore, Federal Practice ¶ 23.45 [1], at 23–709 n. 43 (2d ed. 1969).

 Rule 23(b)(3) provides that an action may be maintained as a class action if the prerequisites of Rule 23(a) are satisfied, and in addition:

> . . . the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

The issue raised by defendant here is whether a class action is "superior" to other available methods for the fair and efficient adjudication of the controversy. To resolve this issue, this Court feels compelled to do no more than embrace wholeheartedly the teachings of Judge Frankel in a case remarkably similar to the instant one, Ratner v. Chemical Bank New York Trust Co., *supra*:

> Students of the Rule [Rule 23(b)(3)] have been led generally to recognize that its broad and open-ended terms call for the exercise of some considerable discretion of a pragmatic nature. Appealing to that kind of judgment, defendant points out that (1) the incentive of class-action benefits is unnecessary in view of the Act's provisions for a $100 minimum recovery and payment of costs and a reasonable fee for counsel; and (2) the proposed recovery of $100 each for some 130,000 class members would be a horrendous, possibly annihilating punishment, unrelated to any damage

to the purported class or to any benefit to defendant, for what is at most a technical and debatable violation of the Truth in Lending Act. These points are cogent and persuasive. They are summarized compendiously in the overall conclusion stated earlier: the allowance of this as a class action is essentially inconsistent with the specific remedy supplied by Congress and employed by plaintiff in this case. It is not fairly possible in the circumstances of this case to find the (b)(3) form of class action 'superior to' this specifically 'available [method] for the fair and efficient adjudication of the controversy.' 54 F.R.D. at 416 [Footnote omitted].

Accordingly, it is hereby ordered that defendant's motion to disallow the maintenance of the instant action as a class action is granted.