Frank A. GARZA, for himself and, as a member and representative of the Class described in the Complaint, on behalf of all members of the Class described in the Complaint, Plaintiff,

v.

CHICAGO HEALTH CLUBS, INC., a corporation, et al., Defendants.

No. 71 C 643.

United States District Court, N. D. Illinois, E. D.

Oct. 25, 1972.

See also, D.C., 347 F.Supp. 955.

Albert Koretzky, Chicago, Ill., for plaintiff.

Michael Sklar, Barry Pitler, Tom Yates, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This case is now before the Court on the issue of whether it may be maintained as a class action. For the reasons set forth below, the Court concludes that it may not.

Count I of the complaint alleges several violations of the Consumer Credit Protection Act, popularly known as the "Truth in Lending Act," 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.1 *et seq.*, promulgated by the Federal Reserve Board. Although there

are some earlier cases to the contrary,[1] since Judge Frankel's thoughtful opinion in Ratner v. Chemical Bank of New York Trust Co., 54 F.R.D. 412, 416 (S.D. N.Y. 1972), the courts appear to have held unanimously that the class action device is inappropriate in Truth in Lending cases, where the size of the potential class, coupled with the statutory minimum recovery of $100 would have resulted in absurdly high and even ruinous damages, wholly unrelated to the actual harm caused by the violations.[2] Such is the case here. With a potential class under Count I of approximately eight thousand, the minimum recovery would be devastating for a small company. This Court accepts the logic of *Ratner* and its progeny and accordingly holds, pursuant to Rule 23(c)(1), Fed.R. Civ.P., that Count I may not be maintained as a class action.

The dismissal of the class action allegations of Count II is based upon other considerations. Count II charges violations of the Illinois Retail Installment Sales Act, Ill.Rev.Stat. ch. 121½, § 501 *et seq.*, and alleges pendent jurisdiction. In its opinion dated September 15, 1972, this Court held that it possessed and would exercise pendent jurisdiction over the state claims. That decision shall stand as to plaintiff Garza's individual state claims. With the dismissal of the class allegations under Count I, however, the state claims of the prospective class members are no longer pendent to anything. To use the language of the leading case on pendent jurisdiction, the class members' federal and state claims "would ordinarily be expected to [be tried] . . . all in

one judicial proceeding," *i. e.*, their suits under the Truth in Lending Act. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since this is no longer possible in this case, the basis for pendent jurisdiction disappears.

For the foregoing reasons, the class action allegations of Counts IV and V, which allege the liability of defendant Health Spa Finance, Inc., under the federal and state acts, are also dismissed.

It is so ordered.

1. Joseph v. Norman's Health Club, Inc., 336 F.Supp. 307, 319 (E.D.Mo. 1971); Katz v. Carte Blanche Corp., 53 F.R.D. 539, 544 (W.D.Pa. 1971).

2. Goldman v. First Nat'l Bank, 56 F.R.D. 587 (N.D.Ill., 1972); Kriger v. European Health Spa, Inc., 56 F.R.D. 104 (E.D. Wisc. 1972); Shields v. First Nat'l Bank, No. 71–686 Phx. WPC (D.Ariz., June 5, 1972); Grubb v. Dollar Loan Co., Nos. 15550, 15976 (N.D.Ga., May 26, 1972); Wilcox v. Commerce Bank, 55 F.R.D. 134 (D.Kan. 1972); Shields v. Valley Nat'l Bank, 56 F.R.D. 248 Phx. WCF (D.Ariz., 1972); Kenney v. Landis Fin. Group, Inc., 349 F.Supp. 939 (N.D.Iowa, 1972); Rogers v. Coburn Fin. Corp., 54 F.R.D. 417, 419 (N.D.Ga. 1972); see also Gerlach v. Allstate Ins. Co., 338 F.Supp. 642, 646 (S.D.Fla. 1972).