**Charles N. LINDIG et al., Plaintiffs,**

**v.**

**CITY NATIONAL BANK et al., Defendants.**

**Civ. A. No. 72-79.**

United States District Court, S. D. Ohio, E. D.

March 14, 1973.

Charles Blum and James R. Elleman, Columbus, Ohio, for plaintiffs.

William E. Knepper, Knepper, White, Richards & Miller, Columbus, Ohio, for City Nat. Bank & Trust Co.

William Hardy, Graydon, Head & Ritchey, Cincinnati, Ohio, for defendant, the Fifth-Third Bank.

W. C. Miller, Deffenbaugh & Miller, Lancaster, Ohio, for defendant The Fairfield Nat. Bank of Lancaster.

Robert E. Dever, Bannon, Howland, McCurdy & Dever, Portsmouth, Ohio, for defendant Portsmouth Banking Co.

Nicholas C. Hollenkamp, Turner, Wells, Granzow & Spayd, Dayton, Ohio, for defendant Third Nat. Bank & Trust Co.

I. A. Casper, Middletown, Ohio, for defendant Barnitz Bank.

## MEMORANDUM OPINION AND ORDER

KINNEARY, Chief Judge.

This matter is before the Court upon the motion of the defendant Bank Service Corporation to dismiss the action for lack of service of process. Also pending is the plaintiff's motion to add a party plaintiff and to dismiss a party plaintiff. The Court must further determine, pursuant to the mandate of Rule 23, F. R.Civ.P., whether this action may be maintained as a class action.

█ The plaintiff has not filed a memorandum contra in response to the motion to dismiss of the defendant Bank Service Corporation. Such failure may be cause to grant the motion as filed. See Rule 14(b), Rules of the United States District Court, Southern District of Ohio.

█ Whereupon, it is the determination of the Court that the motion of the defendant Bank Service Corporation to dismiss for lack of service of process is meritorious and must be and hereby is granted. Bank Service Corporation is dismissed from this action.

The Court turns to the consideration of the question of whether this action may be maintained as a class action. See Rule 23, F.R.Civ.P.

This is an action filed under the Truth In Lending Act of 1968, 15 U.S.C. § 1601 et seq. The named plaintiff Charles Lindig alleges that he is the holder of a Bank Americard credit card and has used the same to effectuate purchases of goods and services on credit.

The complaint further alleges that during the course of the defendants' business of extending consumer credit to the plaintiff the defendants have violated and continue to violate the provisions of the Truth In Lending Act, 15 U.S.C. § 1601 et seq. [hereinafter the Act].

Lindig seeks to prosecute this action in his own behalf and as representative of a class of similarly situated individuals. The complaint describes the class as "all of the defendants' customers to whom credit was extended or offered under the terms of an Open End Credit Plan . . . and who, pursuant to a periodic statement . . . paid less than the full balance due and thereby suffered the imposition of a finance charge within one year preceding the date of the filing of this complaint."

The violations of the Act alleged in the complaint are actually alleged contraventions of the regulations promulgated under the Act, 15 U.S.C. § 1604. The complaint alleges that the defendants have violated various sections of Regulation Z (12 C.F.R. § 226), to wit, §§ 226.6(c), 226.7(c)(4), 226.7(b), 226.7(b)(3), 226.7(b)(6), 226.7(b)(2), 226.7(b)(5) and 226.6(a). The plaintiff seeks the statutorily established damages of twice the amount of the finance charge imposed on any transactions in which the defendants are found to have violated the Act, except that as to each such transaction liability shall be not less than $100 nor greater than $1,000. 15 U.S.C. § 1640(a)(1). Punitive damages are also requested.

The most prominent decision upon the issue presently at bar is Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412 (S.D.N.Y.1972).[1] In *Ratner* Judge Frankel held that a suit, such as the present, which is brought under the provisions of § 130 of the Act, 15 U.S.C. § 1640, is not properly maintainable as

1. *See also* Buford v. American Finance Co., 333 F.Supp. 1243 (N.D.Ga.1971) and Gerlach v. Allstate Insurance Co., 338 F.Supp. 642 (S.D.Fla.1972).

a class action pursuant to Rule 23, F.R. Civ.P.

Judge Frankel stated that § 130(e) of the Act, 15 U.S.C. § 1640(e), creates a "species of private attorney general[s]," the individual consumers, who are to participate prominently in the enforcement of the Act's strictures. To effectuate the policies behind the Act individuals may assert substantive liability under § 130(a), 15 U.S.C. § 1640(a), without proof of any actual damages. This is, in actuality, the posture of the present lawsuit. Judge Frankel further noted that "the allowance of this as a class action is essentially inconsistent with the specific remedy supplied by Congress [to effectuate enforcement of the Act] and employed by the plaintiff in this case." Ratner v. Chemical Bank New York Trust Company, *supra* at 416.

Briefly, if perhaps too broadly, stated, the reasons against maintenance of this as a class action are:

(1) there is no affirmative need or justification for such a proceeding in the actual circumstances of the case; and

(2) the allowance of thousands of minimum recoveries like plaintiff's would carry to an absurd and stultifying extreme the specific and essentially inconsistent remedy Congress prescribed as the means of private enforcement.

*Id.* at 414.

The *Ratner* case has been followed by not an insignificant number of federal district courts who also have determined that a class action suit is not superior to a suit by a single plaintiff under the enforcement provisions of the Act. Kriger v. European Health Spa, Inc., of Milwaukee, Wis., 56 F.R.D. 104 (E.D. Wis.1972); Wilcox v. Commerce Bank, 55 F.R.D. 134 (D.Kan.1972); Rogers v. Coburn Finance Corp. of DeKalb, 54 F.R.

D. 417 (N.D.Ga.1972); Shields v. First National Bank, 56 F.R.D. 442 (D.Ariz. 1972); Shields v. Valley National Bank, 56 F.R.D. 448 (D.Ariz.1972); Kenney v. Landis Financial Group, Inc., 349 F. Supp. 939 (N.D.Iowa filed Mar. 30, 1972); Boggs v. Alto Trailer Sales, Inc., Civil No. 71–1271 (E.D.La. filed Aug. 7, 1972); Grubb v. Dollar Loan Co., Civil Nos. 15550, 15976 (N.D.Ga. filed May 25, 1972); Rodriguez v. Family Publications Service, Inc., 57 F.R.D. 189 (C.D. Cal.1972).

 This Court is in complete agreement with both the rationale of and the result in the *Ratner* case. The Court, of course, is aware that *Ratner* does not proscribe all class action suits upon claims under the Act. The Court, also, is not unaware of a number of decisions which have allowed the maintenance of class actions in suits under the Act. *See, e. g.,* Katz v. Carte Blanche Corp., 53 F.R.D. 539 (W.D.Pa.1971); Joseph v. Norman's Health Club, Inc., 336 F.Supp. 307 (E.D.Mo.1971). These decisions, however, preceded *Ratner* and failed to exhaustively analyze the conflicting policy considerations behind the relief provided by § 130 of the Act, 15 U.S.C. § 1640, and that which is available through the vehicle of the class action suit under Rule 23, F.R.Civ.P. Accordingly, the Court respectfully declines to follow these rulings. *See* Rodriguez v. Family Publications Service, Inc., *supra.*

Whereupon, it is the determination of the Court, under the facts present here, that this action may not proceed as a class action but shall proceed only as to the named plaintiff Charles Lindig. This determination, of course, moots the motion to add and to dismiss a party plaintiff. If additional individuals desire to enter this action as parties plaintiff they may seek leave of the Court to so do.