**Harry LEWIS, Plaintiff,**

v.

**Kenneth E. BLACK et al., Defendants.**

No. 75–C–301.

United States District Court,
E. D. New York.

Oct. 7, 1975.

Allen S. Joslyn, New York City, of counsel; Cahill, Gordon & Reindel, New York City, for Peat Marwick.

Memorandum of Decision and Order

MISHLER, Chief Judge.

Defendants, C. I. Mortgage Group et al.[1] move to compel the plaintiff to answer certain deposition questions, and to produce certain documents, relating to defendants' contention that Mr. Lewis is a "professional plaintiff" and is thereby rendered unable to fairly and adequately represent the plaintiff class, F.R.Civ.P. 23, in this proposed class action.

Plaintiff, who purchased shares of common stock in C. I. Mortgage Group in 1974, charges in his complaint that misstatements and omissions made by defendants in connection with financial statements and reports are misleading under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5. Plaintiff seeks to represent the class composed of shareholders of C. I. Mortgage Group who bought stock during the effective period of the allegedly misleading reports. Defendants have sought to depose plaintiff with regard to certain allegations; they argue that if these allegations are proved to be true, plaintiff would be disqualified from acting as class representative in the instant litigation. These allegations are, inter alia, that plaintiff has brought many securities laws lawsuits in the past ten years; that plaintiff, who is himself an attorney, has been paid for legal work performed by him for his counsel in some of these other lawsuits; and that plaintiff's motive for purchasing shares of C. I. Mortgage Group was to ultimately institute a lawsuit rather than to invest his money. Although plaintiff testified in response to some questions that he bought the shares of C. I. Mortgage Group because he thought they were "undervalued" and that he had not in the past, and would not in the

Jules Brody, New York City, of counsel; Stull, Stull & Brody, New York City, for plaintiff.

Christopher Crowley, New York City, of counsel; Davis, Polk & Wardwell, New York City, for defendants Gibbons, Sheridan, Speers, Tomai, C. I. Mortgage, C. I. Planning and City Investing.

1. This refers to all defendants represented by Davis, Polk & Wardwell: C. I. Mortgage Group; C. I. Planning Corporation; City Investing Company; John L. Gibbons; Edward P. Sheridan; William P. Speers, Jr. and James V. Tomai, Jr.

future, perform legal services for his counsel in this case,[2] plaintiff refused, on the ground of irrelevancy, to answer other deposition questions relating to defendants' allegations. For the reasons set forth below, the court denies defendants' motion to compel plaintiff to answer.

 Instigation of many other securities laws lawsuits cannot, of itself, disqualify plaintiff from bringing the present suit or acting as class representative therein, and so is not an area of relevant inquiry.

■ The performance of paid legal work by a class action plaintiff for the class has been viewed by some courts as a reason to disqualify the plaintiff from representing the class. Defendants cite several cases in which the trial court found that when the plaintiff himself was the attorney for the plaintiff class, or was closely allied with the attorney, he could not act as class representative because of a possible conflict of interest due to plaintiff's dual expectation of legal fees and of a share of the class recovery. *Stull v. Pool*, 63 F.R.D. 702, 704 (S.D.N.Y.1974); *Graybeal v. Amer. Sav. & Loan Ass'n*, 59 F.R.D. 7, 13–14 (D.D.C.1973); *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545, 546–7 (N.D.Ill.1972); *Kriger v. European Health Spa, Inc.*, 56 F.R.D. 104, 105–6 (E.D. Wis.1972); *Cotchett v. Avis Rent A Car Sys., Inc.*, 54 F.R.D. 549, 554 (S.D.N.Y.1972); *Shields v. Valley Nat'l Bank*, 56 F.R.D. 448, 449–50 (D.Ariz.1971). However, in other cases dealing with the same situation, the trial court found no problems inherent in the plaintiff's dual capacity. *Umbriac v. Amer. Snacks, Inc.*, 388 F.Supp. 265 (E.D. Pa.1975); *Lamb v. United Security Life Co.*, 59 F.R.D. 25, 30 (S.D.Iowa 1972); *cf. Entin v. Barg*, 60 F.R.D. 108, 114 n. 9 (E.D. Pa.1973); *Dolgow v. Anderson*, 43 F.R.D. 472, 494 (E.D.N.Y.1968). In view of the difference of opinion evidenced by these cases, it would be inappropriate to penalize plaintiff here for possibly engaging in a

practice in prior cases[3] which might well have been found unobjectionable, and no purpose can be served by ordering plaintiff to respond to questions relevant to this point.

■ Defendants' last contention is that it would be an abuse of the federal class action to allow someone who purchased stock with litigious motives to act as a class representative for other shareholders. Defendants cite no cases on point, but analogize to cases dealing with attorneys who solicited named plaintiffs for class actions. This analogy is inapt. Such conduct by an attorney would be a breach of legal ethics;[4] in this case, plaintiff is not acting as an attorney and is not charged with an ethical violation. In two cases where the motives of class action plaintiffs were impugned and urged as reasons why the plaintiffs could not adequately represent the class, the courts rejected such arguments because "[n]either the personality nor the motives of the plaintiffs is determinative of whether they will provide vigorous advocacy for the members of the class," *Dorfman v. First Boston Corp.*, 62 F.R.D. 466, 473 (E.D.Pa. 1974); "the [c]ourt is interested in the adequacy of representation, and not the motive for such representation," *First Amer. Corp. v. Foster*, 51 F.R.D. 248, 250 (N.D.Ga.1970). Therefore, those deposition questions by defendants which seek to develop plaintiff's allegedly litigious motives for his stock purchases are irrelevant to plaintiff's qualifications for representing the proposed class.

Defendants' motion is in all respects denied, and it is

SO ORDERED.

---

2. Crowley Affidavit in support of defendants' motion, ¶¶ 12, 20.

3. Defendants argue that if such a prior pattern of activity were proved, it would be fair to infer that plaintiff will continue the practice in this case. However, as noted above, plaintiff at his deposition denied any such arrangement in this litigation.

4. Disciplinary Rule 2–104, Code of Professional Responsibility.