**Earl W. TAYLOR, Plaintiff-Appellant,**

v.

**R. H. MACY & COMPANY, INC.,
Defendant-Appellee.**

No. 72–2119.

United States Court of Appeals,
Ninth Circuit.

June 27, 1973.

Rehearing Denied Aug. 13, 1973.

Earl W. Taylor, pro. per.

Don T. Hibner, Jr. (argued), Terence M. Murphy, of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., McEnerney & Jacobs, San Francisco, Cal., for defendant-appellee.

OPINION

Before MERRILL and HUFSTEDLER, Circuit Judges, and HILL,* District Judge.

IRVING HILL, District Judge:

In this action, the Appellant Taylor (Plaintiff below) challenges the method

---

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

by which Appellee R. H. Macy & Company, Inc. (Defendant below) computes charges on unpaid balances in its customers' revolving charge accounts. Appellant claims that Appellee is violating the Truth in Lending Act, 15 U.S.C. § 1601 ff., and Regulation Z of the Federal Reserve Board, issued pursuant to the Act, 12 C.F.R. § 226. Appellee's method of computing finance charges is commonly referred to as the "previous balance" method.

Appellant is not an attorney and appears in pro. per. His contentions are not stated with complete clarity in his brief. He appears to contend first, that the previous balance method is not sanctioned by the Act and the Regulation and, second, if the method is sanctioned Appellee's disclosures to its customers do not meet the standards of the Act and the Regulation. The trial Court found against Appellant in both respects as do we.

The facts were not in dispute at the time of trial and are not in dispute before us. The sole question presented is one of law. This appears to be a case of first impression.

It is worthwhile to illustrate what the previous balance method is, and how it operates, by stating a hypothetical example. Assume a charge account to have been opened June 1 with purchases of $50 on June 1 and $50 on June 15. Assume no payments were made during June. As of June 30, the balance due would be $100. In the subsequent month, that balance is referred to as the "previous balance". Assume further that during the month of July, payments of $50 were made and new charges of $100 were incurred. The balance at the end of July would be $150, which is called the "new balance". Assume that the store's finance charge is computed at 1½% per month (which is the rate actually employed by Macy's in the instant case). A finance charge of $1.50 would also be

imposed on the billing at the end of July. This finance charge is not imposed on the new balance but is imposed on the entire previous balance of $100, despite the fact that a part of that $100 balance, which was due on June 30, was paid during the month of July. Under the previous balance method, the finance charge is imposed on *all* of the previous balance unless *all* of it has been paid in the following month. If all of it is paid in the following month, no finance charge is imposed.

The above hypothetical presents the controversy involved in the instant case although the figures of charges and payments are different. Appellant makes much of the fact that the finance charge is imposed on the entire previous balance even though some payments were made in the month following its rendition. He correctly points out that the effective rate of interest is much more than the nominal rate of 1½% per month where, as in the hypothetical, a substantial payment was later made.

Section 107(a)(2) of the Truth in Lending Act, 15 U.S.C. § 1606, provides with respect to open end credit that the annual percentage rate shall be determined:

> "as the quotient (expressed as a percentage) of the total finance charge for the period to which it relates divided by the amount upon which the finance charge for that period is based, multiplied by the number of such periods in a year."

■■ Appellant can point to no legislative history or other authority to support his contention that the previous balance method is not sanctioned under the Act and Regulation Z.[1] To the contrary, it seems abundantly clear that both the Act and the Regulation envisage and approve the previous balance method, as burdensome and expensive as that method is to the customer. See particularly 15 U.S.C. § 1637 and Section 226.5(a)(1)

---

1. Regulation Z has been recently held valid by the Supreme Court. Mourning v. Family Publishing Service, Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

(i) of Regulation Z. Our construction is reinforced by the fact that both the Federal Trade Commission and the Federal Reserve Board have interpreted the statute and regulation as authorizing the previous balance method. See FTC Consumer Policy Statement No. Four of May 7, 1970, CCH Consumer Guide ¶ 130,369, and Federal Reserve Board letter of January 14, 1974, CCH Consumer Credit Guide ¶ 130,793. Both of those agencies are given important interpretive and enforcement powers under the statutory scheme and their interpretations are entitled to substantial weight. It would thus appear that any action to outlaw the previous balance method under Federal law must come from Congress.

█ We pass now to the question of whether the disclosures of Appellee meet the requirements of the statute. Section 127, Sections 127(a)(4) and 127(b)(5) of the Truth in Lending Act, 15 U.S.C. § 1637, require that when an account is opened and on each monthly statement, the creditor must disclose as to its

finance charges "the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year." A similar disclosure requirement is found in Section 226.7(a)(4) and 226.7(b)(6) of Regulation Z. Although the language of the disclosure requirement is cumbersome, it essentially requires a full and fair disclosure of the nominal annual interest rate applied in computing monthly finance charges and the disclosure of the amount to which said nominal rate will be applied. We quote below the disclosures actually made by Appellee in connection with the opening of Appellant's account and in its monthly statements to Appellant.[2] We agree with the trial Judge that these disclosures fully meet the requirements of both the statute and the Regulation. The nominal rate is correctly disclosed as being 18% (of the first $1,000 of the previous balance) as is the fact that this rate is imposed on the entire previous balance. The dismissal of the complaint after trial by the Court below is affirmed.

2. The following disclosure was made to Appellant at the time he applied for his charge account:

". . . If full payment of the closing balance (New Balance) of a billing period is received by Macy's before the close of the next billing period, no Finance Charge will be added in the billing period in which payment is received. In each billing period (current period) in which full payment of the New Balance of the previous billing period is not received, a Finance Charge may be imposed, computed on the Previous Balance of the current period (New Balance of the previous period), without deducting payments and credits or adding purchases made in the current period.

"The Finance Charge is computed by applying periodic rates of 1½% per month to the $1,000.00 of the Previous Balance and 1% to such balance in excess of $1,000.00, corresponding to Annual Percentage Rates of 18% and 12% respectively . . ."

Printed clearly on the front side of each of the statements sent by Appellee to Appellant was the following:

"Any FINANCE CHARGE is determined by applying Periodic Rates of

1½% per month to the first $1,000.00 of the Previous Balance and 1% on such balance in excess thereof, corresponding to ANNUAL PERCENTAGE RATES of 18% and 12% respectively. To avoid Finance Charge on next statement, full payment of new balance must be received by due date shown."

Above this paragraph in bold capitals, printed in red, appears this instruction: "NOTICE—SEE REVERSE SIDE FOR IMPORTANT INFORMATION"

On the reverse side of the statement is printed the following:

"If you have not paid the New Balance in full, and special payment terms have not been arranged, the required minimum payment is ⅒oth of the New Balance, but not less than $10.00 (or such balance, if less). FINANCE CHARGE is computed on the Previous Balance, which is the amount owed (New Balance) at the end of the prior billing period, without deducting payments and credits, or adding purchases, shown on this statement. Terms of the account are subject to change (consistent with applicable law) which shall become effective not less than thirty (30) days after giving written notice."