Robert M. ROTHENBERG and all others similarly situated, Plaintiff,

v.

CHEMICAL BANK NEW YORK TRUST CO., Defendant.

No. 74 Civ. 600.

United States District Court, S. D. New York.

July 23, 1975.

Sheldon v. Burman, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant by Ralph L. McAfee, James F. Gleason, Jr., W. Fillmore Wood, Jr., New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The plaintiff, Robert M. Rothenberg, entered into a Privilege Checking agreement, collateral to his regular checking account, with the defendant, Chemical Bank New York Trust Co. ("Chemical"). Under the terms of the agreement Rothenberg was permitted to overdraw his regular checking account up to an agreed-upon maximum, such overdrafts to be covered by loans to his account in multiples of $100, unless the overdraft was under $10. Chemical was to impose a finance charge of $\frac{1}{30}$th per cent per day on the outstanding balance owed it. Rothenberg brought this suit charging that Chemical was guilty of antitrust violations, usury, breach of contract, violation of the Truth-In-Lending Act (15 U.S.C. § 1637) and Regulation Z promulgated thereunder (12 C.F.R. § 226.7). All of these charges except the last, the Truth-In-Lending Act violation, have since been settled by the parties. Both the plaintiff and the defendant have moved for summary judgment on the one remaining count.[1]

In his complaint, Rothenberg alleges that Chemical has failed to comply with the disclosure requirements of the Truth-In-Lending Act. ("Act"), 15 U.S.C. § 1601 et seq. Specifically, he contends that in its initial and/or periodic disclosure statements, Chemical failed to (1) properly disclose the method of determining the Average Daily Balance, the balance on which Chemical imposes a finance charge; (2) disclose that deposits to the checking account are not deducted from the Average Daily Balance

---

1. In fact the defendant's motion for summary judgment was made prior to the settlement of the other counts. The plaintiff opposed that motion except as to the Truth-In-Lending count, as to which he also moved for summary judgment.

**1302**

prior to computing the finance charge; (3) disclose that the actual amount of each overdraft is not included in the Average Daily Balance, but rather, that multiples of $100 are charged to the account; (4) disclose that the balance may include interest charges from previous periods, resulting in a compounding of interest charges; (5) "disclose all of the components and conditions under which a finance charge may be imposed." Additionally, in his Memorandum in support of the motion for summary judgment plaintiff cites the defendant's failure to disclose that " 'Balances owed the bank' may include amounts attributable to checks not yet honored, but merely presented for honoring" and "service charges and maintenance charges . . . upon which finance charges are imposed" and the fact that the bank computes interest on the basis of a 360 day year rather than a 365 day year. As far as these additional claimed violations of the Act are concerned, and without regard to plaintiff's failure to raise them in the complaint, they are all flatly contradicted by various affidavits of Chemical employees in support of Chemical's motion for summary judgment. Consequently, in order to defeat defendant's motion, the plaintiff must make a showing that either the facts are disputed or that they are as he alleges them to be. He cannot rely on mere conclusory allegations nor on suspicion. See, e. g., *Banco De Espana v. Federal Reserve Bank,* 28 F.Supp. 958 (S.D.N.Y.1939), aff'd 114 F.2d 438 (2d Cir. 1940). Moreover, where, as here, the plaintiff has cross-moved for summary judgment he has an affirmative burden on his motion to establish undisputed facts which would support a judgment in his favor. See *Walling v. Richmond Screw Anchor Co.,* 154 F.2d 780 (2d Cir.), *cert. denied,* 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640 (1946).

The same reasoning applies to plaintiff's allegations designated as (4) and (5) *supra,* that Chemical failed to disclose that it compounds interest and that there are additional undisclosed conditions under which a finance charge may be imposed. That is, any such practice is flatly refuted by the affidavits of Chemical employees in support of defendant's motion for summary judgment. The plaintiff has both failed to refute defendant's proof and failed to offer any proof in support of his own motion for summary judgment.

■■ Of course, the mere fact that plaintiff has failed to meet his burden of proof on his motion for summary judgment does not entitle the defendant to judgment on its motion (see *Walling v. Richmond Screw Anchor Co.; supra* ). However, I find that as to the violations of the Act not raised in the complaint and those denominated (4) and (5) above, the defendant has sustained its burden of proof on its motion for summary judgment. Since the practises of which plaintiff complains have not been engaged in by the defendant, it is unnecessary for me to rule on whether their disclosure would have been required by the Act. Accordingly, judgment shall be entered on these claims in favor of the defendant.

The remaining charges require a closer examination in the context of the Act. The Act and Regulation Z require two types of disclosure by a creditor in an open end consumer credit plan such as the "privilege checking" plan in this case. First, the creditor must furnish the consumer with a disclosure statement prior to opening the account setting out, among other things, the method of determining the balance upon which a finance charge will be imposed and the method of determining the amount of the finance charge. 15 U.S. C. § 1637(a); 12 C.F.R. § 226.7(a). Second, a creditor must transmit a statement to the consumer at the end of each billing cycle containing similar information specifically applied to that cycle. 15 U.S.C. § 1637(b); 12 C.F.R. § 226.7(b).

■ As to the initial disclosure statement, the plaintiff charges that it is insufficient in several respects. First of all he claims that Chemical failed to disclose the method of determining the balance upon which a finance charge would be imposed as required by 15 U.S.C. § 1637(a)(2), 12 C.F.R. § 226.7(a)(2). In fact, the bank disclosed that "Advances to [the consumer] and payments by [him] are recorded immediately." The plaintiff argues that the disclosure should include a statement that the balance includes charges in multiples of $100 rather than the actual amounts of the overdraft. However, as I read § 226.7(a)(2) the key word is "method". That section does not require a disclosure of the particular terms of the individual transactions, but only the *method* of determining the balance. This method is fully and fairly disclosed by revealing that advances to and payments by the borrower are recorded immediately.

■ Similarly, 15 U.S.C. § 1637(a)(3) and 12 C.F.R. § 226.7(a)(3) require disclosure of the creditor's method of determining the amount of the finance charge, including any minimum or fixed charge. The defendant's disclosure on this point reads as follows:

"METHOD OF DETERMINING THE AMOUNT OF THE *FINANCE CHARGE*. A charge is imposed on the average daily balance of the account during the billing cycle at the rate of 1/30% per day. This charge is multiplied by the number of days in the billing cycle and the average daily balance to determine the *finance charge* for that billing cycle.

"The agreement provides that the bank may make a charge of 25 cents for each advance, whether by check or otherwise. The agreement also provides that the bank may charge the actual cost of life insurance which is furnished to the Obligor covering the unpaid balance of the account. Neither of these charges will be imposed

in the foreseeable future and, then only after notice and disclosure in writing as provided by the Federal Consumer Credit Protection Act."

Plaintiff claims that this disclosure is insufficient in that it fails to reveal a "minimum or fixed finance charge equal to no less than the daily interest rate on $100, each and everytime a check overdraft is made, for so long as the amount remains unpaid." Here too the plaintiff is arguing for inclusion in the disclosure of the actual amount of the loan which the borrower will draw on the bank. However, it is this figure to which the bank will apply its method of determining the finance charge as disclosed pursuant to § 1637(a)(3) of Title 15, U.S.C. Although, under the terms of the contract which the plaintiff elected to enter with Chemical, the loans to cover overdrafts were always to be made in units of $100 (unless the overdraft was under $10), this is clearly not a minimum or fixed charge which the defendant was obliged to disclose as part of its method of determining the finance charge.

Consequently, I find that the non-inclusion in the initial statement of the $100 per overdraft term of the agreement was proper as to both the § 1637(a)(2) and § 1637(a)(3) of Title 15 U.S.C. disclosure requirements.

■ Returning briefly to the disclosure of the method of determining the balance (§ 1637(a)(2)), the plaintiff argues that the failure to include a statement that deposits to the checking account are not deducted from the outstanding balances owed the bank violates the Act. However, to require such a statement would be to read into § 1637(a)(2) a requirement that the initial disclosure reveal exactly which methods of payment are acceptable. That is a term which is properly covered by the contract, but which is irrelevant in the initial disclosure statement where the relevant question is the effect of payment on the determination of the

balance and hence the finance charge. As noted above, the defendant properly disclosed that such payment would be "recorded immediately."

In light of the above, I find that the initial disclosure by Chemical was satisfactory in all challenged respects.

Parallelling the allegations above, there remain several charged violations of the periodic disclosure requirements. The Act and Regulation Z require the periodic disclosure of the "balance on which the finance charge was computed, and a statement of how [the] balance was determined. If [the] balance is determined without first deducting all credits during the [period,] that fact and the amount of such [credits] shall also be disclosed." 15 U.S.C. § 1637(b)(8), 12 C.F.R. § 226.7(b)(8). These are apparently the sections which defendant claims are violated.

■■ It is unclear whether or not the plaintiff claims a failure by defendant to state how the balance was computed. However, as pointed out by defendant, the term "average daily balance" "satisfies the requirement of 'a statement of how that balance was determined,'" according to Federal Reserve Board Public Position Letter # 220, 4 CCH Consumer Credit Guide ¶ 30,543 (1969). I find that position to be both reasonable and proper and will be guided by the experience and judgment of the F.R.B. See *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Taylor v. R. H. Macy & Co.,* 481 F.2d 178 (9th Cir.), *cert. denied,* 414 U.S. 1068, 94 S.Ct. 577, 38 L.Ed.2d 473 (1973). The fact that Chemical's periodic statements after October, 1973 carried an expanded explanation of this term is in no way indicative of a violation of the Act prior to that time.

The two remaining challenges are that (1) there is no revelation that the "daily balances are determined by automatically adding a $100 balance each and every time a check overdraft is made," and (2) "That deposit payments to the checking account are not deducted from the daily balance prior to computing the finance charges."

■ The argument that the $100 per overdraft term of the agreement should have been included in the periodic statement fails by virtue of the same reasoning which defeated the corresponding claim as to the initial statement.

■ As far as disclosure that deposits to the checking account are not deducted from the balance is concerned, such disclosure would only be required if deposits were the equivalent of "credits" within the meaning of § 1637(b)(8). Such is not the case. Section 1637(b)(8) provides in pertinent part: "If the balance is determined without first deducting all credits during the period, that fact and the amount of such payments shall also be disclosed." The methods of payment under the privilege checking plan do not include the depositing of money in the checking account. Therefore, any such deposit does not have to be reflected as a "credit" which would reduce the balance or whose failure to reduce the balance must be disclosed pursuant to 15 U.S.C. § 1637(b)(8), 12 C.F.R. § 226.7(b)(8). Compare, *Zeltzer v. Carte Blanche Corp.,* 514 F.2d 1156 (3d Cir., 1975).

As in the case of the initial disclosure statement, I find the periodic statements to be satisfactory in all challenged respects.

For all of the reasons noted above, summary judgment will be granted to the defendant on Count 6, which is the only remaining count of plaintiff's complaint. Therefore the cause will be dismissed.

There will be no award of costs.

It is so ordered.