**Albert MARTIN, on behalf of himself and others similarly situated, Plaintiff-Appellant,**

**v.**

**THOMPSON TRACTOR COMPANY, Defendant-Appellee.**

**No. 71–2957.**

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1973.

U. W. Clemon, Birmingham, Ala., William Robinson, Jack Greenberg, New York City, for plaintiff-appellant.

John J. Coleman, Jr., John H. Morrow, James P. Alexander, Birmingham, Ala., for defendant-appellee.

511

Before TUTTLE, MORGAN and RO-NEY, Circuit Judges.

TUTTLE, Circuit Judge:

This Court has withheld determination of this case pending a decision by the Court sitting *en banc* of Brisco Huff, etc. v. N. D. Cass Company of Alabama, 485 F.2d 710 (5th Cir. September 4, 1973), which modified on rehearing the original decision in Brisco Huff, etc. v. N. D. Cass Company of Alabama, 468 F.2d 172 (5th Cir. 1972).

There are two issues before the Court in this case, one of which has now been resolved by the *en banc* decision of this Court in *Huff*. In that case, this Court held that it is not proper for a trial court to dismiss a class action solely on the basis of a preliminary determination that the single named plaintiff purporting to represent the class is not entitled to relief on the merits of his individual claim.

The first issue we consider is that which has now been settled in *Huff*. In its order on pre-trial hearing the trial court stated:

"The plaintiff has also alleged that the company has engaged in other unlawful employment practices proscribed by Title VII . . . including the maintenance of racially segregated facilities and discriminatory job assignments, classifications, hiring, and promotional practices. The court is of the opinion that unless plaintiff is successful in showing that his individual discharge was improper, he would not have adequate standing to challenge such practices. In the event the plaintiff is unsuccessful at the original trial of this case in invalidating his discharge, the other aspect of his asserted cause of action shall be dismissed without prejudice to the right of others having proper standing to challenge such practices by separate action. If the plaintiff prevails on the initial trial then the court shall at that point determine whether this

cause shall proceed to a second stage of trial involving such other employment practices."

On the trial of the merits of plaintiff's individual claim the trial court determined that plaintiff had failed to make out a case of discriminatory conduct by the defendant. Thereupon, the court dismissed the plaintiff's individual case and the class action.

█ In these circumstances, the appropriate action for this Court to take is to remand the case to the district court for it to take the action suggested in the last sentence from the pre-trial order quoted above. That is to say the trial court shall now determine whether this cause should proceed to a second stage of trial involving such other employment practices, with the plaintiff as a representative of the class of employees.

We next turn to the issue raised by Martin's contention that the trial court erred in finding against him with respect to his charge of racial discrimination. The plaintiff claimed that he had been discharged "because of his failure to acquiesce in certain racially discriminatory policies, practices or usages of the company, particularly those relating to what are claimed to have been racially segregated facilities of the company." The defendant attributed his discharge to his "poor attitude toward his fellow employees and his difficulty in relationships with his supervisors."

██ The trial court was not insensitive to the danger of accepting a general term such as "poor attitude" as adequate grounds for a discharge, if any racial overtones were present in the relationship between the parties. The trial court said:

"The question that really becomes a very tough one for the court stems from the fact that the words 'attitude,' 'good attitude,' or 'bad attitude,' or 'lack of cooperation' can very easily be the label to cover and conceal racially motivated prejudices and discriminations, in fact, under some oth-

er title that looks acceptable. So the court has to, with great scrutiny, look at what was meant by, and what really undergirded this comment about lack of cooperation and attitude."

The court further said:

"If this court were to conclude that that [racial prejudice] provided any substantial part in the kind of recommendation that Mr. Cummings made, which was in turn relied upon by Mr. Thompson, then it would be my duty, I think, to find that there had been an unlawful employment practice by discharge on account of the opposition to that unlawful practice . . . ."

Finally, the trial court concluded:

"I am convinced that the plaintiff's attitude toward his work in that service department was bad, and that it was affected by his feeling of being underpaid for the work he was doing, and this colored his response to the many things that were asked, and that came along."

As we have heretofore stated in companion cases, Arthur Lee Smith v. Delta Airlines, Inc., 486 F.2d 512 (5th Cir. 1973) and Bradley v. Southern Pacific Company, 486 F.2d 516 (5th Cir. 1973), we review findings of fact in Title VII cases in the same manner as other fact findings of the trial court are reviewed. A careful review of the record in this case makes it clear that this Court cannot determine that the findings of the trial court with respect to the grounds of discharge were clearly erroneous. The trial court's determination with respect to the plaintiff Martin's individual rights must therefore be affirmed.

The judgment of the trial court dismissing the complaint must be reversed because such dismissal was based upon the ground that the plaintiff Martin's inability to recover for himself *per se* disqualified him as a representative of the class of employees of the defendant company.

Reversed and remanded for further proceedings not inconsistent with this opinion.