Arthur Lee SMITH, on behalf of himself and others similarly situated, Plaintiff-Appellant,

v.

DELTA AIR LINES, INC., Defendant-Appellee.

No. 71-3197.

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1973.

Oscar W. Adams, Jr., Birmingham, Ala., William L. Robinson, Jack Greenberg, New York City, for plaintiff-appellant.

William Gardner, Birmingham, Ala., Sidney F. Davis, Asst. Gen. Counsel, Frank Cotter, Legal Div., Atlanta, Ga., for defendant-appellee.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

This is another Equal Employment Opportunity case which the court has withheld pending a decision by the Court, sitting *en banc*, of Brisco Huff, etc. v. N. D. Cass Company of Alabama, 485 F.2d 710 (5th Cir. 1973) which modified on rehearing the original decision in Brisco Huff, etc. v. N. D. Cass Company of Alabama, 468 F.2d 172 (5th Cir. 1972).

There are three issues before the court in this case, one of which has now been resolved by the *en banc* decision of this Court in *Huff*. The others still remain for our consideration in view of the action taken by the Court in its *en banc* decision that it is not proper for a trial court to dismiss a class action solely on the basis of a preliminary determination that the single named plaintiff representing the class is not entitled to relief on the merits of his individual claim. If the Court had decided this issue against the individual plaintiff's contention there would have been left for us to consider only the single question whether the trial court's findings of fact respecting the discharge of the plaintiff were clearly erroneous. As it is, we have in addition to the review of the factual matter, the contention of the appellee that the class action pleaded by Smith deals with conduct of the defendant that was not encompassed within the claim he originally made before the EEOC.

We consider first the appeal on the fact findings by the trial court resulting in its conclusion that Smith could not recover in his own right on the ground that his termination of employment was racially motivated. The plaintiff, who had been an "agent" of Delta Airlines in Birmingham for approximately nine months was discharged on the stated ground that he had not complied with grooming requirements of the company, dealing with facial hair.[1] Briefly, it was the contention of the plaintiff that his sideburns did conform to the policy and that further it was more difficult for black persons to conform strictly to these provisions dealing with sideburns

---

1. The company's policies with respect to this matter were expressed in the following notice of which the plaintiff was familiar:

"*Sideburns*"

"Sideburns shall be no longer than even with the lower portion of the soft lobe of the ear, and shall be light to moderate in thickness, such that there is no appreciable change in facial outline therefrom. No 'porkchops' will be allowed."

"*Mustaches*"

"Mustaches are acceptable if kept short and neatly trimmed; however, 'handlebar' or 'Fu Manchu' styles are not acceptable."

and mustaches than it would be for persons of the white race.

The trial court had ample evidence before it to determine, as it did, that the grooming requirements were not invalid and that they were not racially motivated; nor were they racially applied or enforced in order to accomplish plaintiff's dismissal. The trial court said:

"It may be that the requirement or the stating of a condition that sideburns will not be bushy or that the hair shall be well trimmed may impose some additional burden on persons of the negro race, because of the hair, that I think is under the evidence, tends to be a general attribute of the race . . . . The question is when there is a rule that to some degree may fall not exactly the same on persons of all races, for that reason alone the rule must fall. And my conclusion, where there is no great difficulty in complying with the rule and which can be complied with by all, that the rule does not have to go out on that account.

"In this particular case, it seems clear to the Court that a black person can have a closely trimmed sideburn, or if the company requires it, can have closely trimmed hair. It may require more trimming more often to do that. I do not see then that the rule itself is being discriminatory."

The court also commented as follows:

"It is perhaps unfortunate in this case, at least I feel it, that we find the plaintiff that I feel like probably shouldn't have been discharged, but I don't feel like the facts show that this is a case of racial discrimination in what happened. And that is the area of my jurisdiction under the Title VII of the Act and Section 1981 Act."

■■ We review findings of fact in Title VII cases in the same manner as other fact findings of the trial court are reviewed. This Court may not set them aside unless it is able to conclude that such findings are "clearly erroneous." Rule 52(a) F.R.Civ.P. Upon considering the record in this case we conclude that there was evidence upon which the trial court could base these findings. The denial of the plaintiff's individual claim that he was discharged on account of racial discrimination must therefore be affirmed.

As we have indicated above the *Huff* case has settled the question whether a trial court can dismiss a class action brought by a single named plaintiff, seeking to represent both himself and the class, solely because the trial court concludes that the plaintiff cannot succeed to recover individually on his own claim.

This matter was dealt with by the trial court in a manner which indicates clearly that dismissal of the suit was based on its finding that Smith was not entitled to recover in his individual capacity. Dealing with this subject the trial court said:

"(b) Plaintiff also alleged that defendant has committed other unlawful employment practices in establishment of job classifications, use of aptitude tests, and hiring and promotion practices generally. Plaintiff has not indicated that he has heretofore suffered any injury on account of such alleged practices. The Court finds that, unless the plaintiff is successful in attributing his discharge and entitlement to reinstatement, the plaintiff would not have standing personally to challenge such practices nor be a representative party adequate to protect the interests of the class under Rule 23. If the plaintiff prevails on the discharge issue, then this case shall be continued for determination on its being maintained for further hearings as a class action; if the plaintiff is unsuccessful on the discharge issue, then the other issues raised by the plaintiff shall be dismissed without prejudice to the right of others with proper standing and interests to contest such practices by separate action."

■ Thus it is clear that when the trial court dismissed the class action aft-

er determining that Smith could not recover, it proceeded on the impermissible basis that since the named plaintiff could not recover, this, *per se*, required a dismissal of the class action, since such a plaintiff could not be considered as a proper representative of the class. It is clear that this dismissal like that in the *Huff* case must be vacated and the trial court must consider the propriety of Smith's acting as a representative of the class without regard to the determination already made that he could not recover in his own action.

The appellee contends that there is a further issue in the case that must be decided by this Court before it should remand the case to the district court. That contention is that even though the incorrect standard may have been followed by the district court in holding that under the *per se* rule Smith could not represent the class, there is nothing further for the trial court to hear, since all of the matters alleged as being applicable to the class are matters that were not encompassed within the claim originally filed with the EEOC and therefore cannot be considered by the court in a class action in which they are raised for the first time. We think that the trial court properly dealt with this matter when it stated that "if the plaintiff prevails on the discharge issue, then this case shall be continued for determination on its being maintained for further hearings as a class action." That is, the trial court recognized that if the plaintiff could otherwise be a proper representative, there would still be a matter for it to decide whether the class action was adequately pleaded and could be sustained. Since we find that the plaintiff may properly be considered as a representative to conduct the class action, then the trial court should proceed to a determination of whether the claims made adequately stated a class action within the contemplation of this Court in Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970). The question is raised by the appellee which says that the only issue raised by Smith in his complaint with the EEOC was in effect an attack on the grooming policy of the company which was too narrow to permit a suit based on allegations regarding jobs, hiring and promotions.

The question of what issues may properly be encompassed within a suit filed by this plaintiff following the filing of his complaint with the EEOC must depend upon what that claim was. It stated:

"I believe that I have been discriminated against because of my race (negro) in that I was discharged."

In Sanchez v. Standard Brands, Inc., *supra*, this Court raised the issue "of what standard is to be utilized in measuring the proper scope of a complaint." It answered the question as follows:

"This circuit has never before considered this precise question. At least one district court in this circuit has addressed itself to the question, however, and in our judgment it responded to the question by giving the correct answer. In King v. Georgia Power Co., N.D.Ga.1968, 295 F.Supp. 943, Judge Smith held that the allegations in a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission.' 295 F.Supp. at 947. In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." 431 F.2d at 466.

Subsequently in Danner v. Phillips Petroleum Company, 447 F.2d 159 (5th Cir. 1971), we said:

"The correct rule to follow in construing EEOC charges for purposes of delineating the proper scope of a subsequent judicial inquiry is that

"the complaint in the civil action . . . may properly encompass any . . . discrimination like or reasonably related to the allega-

516

tions of the charge and growing out of such allegations." 447 F.2d at 162.

 The complaint here clearly amounts to more than a mere charge that he had been discharged improperly because he failed to comply with the grooming standard. The complaint expressly stated that his discharge was attributable to racial discrimination. We think it is for the trial court initially to determine how much of the other employment practices of the appellee may properly be shown, and for whose benefit they may be canvassed, in order to determine whether there is still pending before it a class action which meets the description: "any discrimination like or related to the allegations of the charge and growing out of such allegation." *Sanchez, supra.*

The judgment of the trial court dismissing the complaint is reversed and the case is remanded for further proceedings not inconsistent with this opinion.