**Alberta S. GILINSKY, Plaintiff,**

v.

**COLUMBIA UNIVERSITY IN the CITY OF NEW YORK et al., Defendants.**

**No. 73 Civ. 4211.**

United States District Court,
S. D. New York.

Feb. 11, 1974.

Armand Gilinsky, New York City, for plaintiff.

Thacher, Proffitt & Wood, New York City, for defendants; Robert S. Stitt, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

On October 2, 1973, Alberta Gilinsky, a tenured professor of psychology at the University of Bridgeport, commenced this action against Columbia University and certain individuals associated with it, charging that, by refusing to hire her, they discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964 (42 U.S. C. § 2000e et seq.) Eighty-six days after commencing the action, Gilinsky moved for a class action determination, defining the class to include all women who are qualified for teaching positions at Columbia University and who have been, or may in the future be denied employment because of their sex.

■ Columbia moves to dismiss the action as a class action, pursuant to Local Civil Rule 11A(d), on the ground that Gilinsky's motion was untimely because the rule provides that it is to be made within sixty days of filing of the complaint. Gilinsky concedes the un- timeliness of the motion, but requests the court to exercise the discretion accorded it by the rule and to deny defendants' motion.

Rule 11A(d) provides that in deciding a motion to dismiss for untimeliness, "the court may grant or deny it in the exercise of its informed discretion; may deny it, but award costs, expenses and counsel fees against the party seeking the maintenance of the claim as a class action or his counsel; or may grant such other relief as may be appropriate in all the circumstances." Counsel for plaintiff has indicated willingness to pay costs, expenses and counsel fees to defendants, and we regard such payment as fair, at least if the delay occasioned an increment to defendants' expenses. However, the more drastic remedy sought by defendants, dismissal of the action as a class action, is not warranted. The delay, less than four weeks, was minimal, and no prejudice either to defendants or to the putative class has been demonstrated. Although our attention has been called to Walker v. Columbia University, 73 Civ. 2687 (December 26, 1973), in which the time requirements of Local Rule 11A were strictly applied, the proviso for exercise of discretion by the court in subdivision (d) of the rule clearly anticipates cases in which it is in the interest of justice to entertain a motion for class determination although strict time limits have not been met. We believe this to be such a case.

■ We turn to the merits of the class action determination. Defendants do not contest that the putative class meets the requirements of Rule 23(a)(1)(2) and (3) and Rule 23(b)(2), and we find them to have been met. The class, consisting of all the women qualified for teaching positions at Columbia University, and who have been, or may in the future be denied employment because of their sex, is too numerous for joinder. (Rule 23(a)(1).) Columbia's own statistics indicate that there were, in 1970, 10,652 women doctorates in the

faculty of pure science alone.[1] A far smaller number would, of course, suffice to meet the numerosity requirements of Rule 23. Korn v. Franchard Corp., 456 F.2d 1206, 1209 (2d Cir. 1971). The question whether the proposed class has been discriminated against on the basis of sex is common to the class (Rule 23(a)(2)) and Gilinsky's claim that she has personally suffered from such discrimination is typical of the claims of the class (Rule 23(a)(3)). Furthermore, plaintiff alleges that defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole" (Rule 23(b)(2)).

■ However, defendants argue that the only prerequisite of Rule 23(a) not discussed above has not been met, to wit, that Gilinsky has not shown that she will "fairly and adequately protect the interests of the class" (Rule 23(a)(4)). They claim that Gilinsky's failure to file the class action motion in a timely fashion demonstrates the inadequacy of her representation of the class. They find further support for their position in that: (1) Gilinsky did not commence suit until eighty-eight of the ninety days accorded by the Equal Employment Opportunity Commission's "right-to-sue" letter had run; (2) she has not yet sought preliminary injunctive relief; (3) no other person has joined in the action; and (4) Gilinsky seeks substantial individual as well as class relief both here and before the State Division of Human Rights to which the EEOC charge was referred.

As to the primary point relied on, we have already indicated our opinion that the untimeliness of the class action motion is a *de minimis* lapse which does not alone justify denying class status to the action. We reach the same conclusion with respect to the delay (though not untimeliness) in filing suit and the failure to seek preliminary injunctive relief. It is estimable, indeed it is an attorney's obligation, to act so that the machinery of justice moves expeditiously. Nevertheless, the fact remains that this case, filed four months ago, is comparatively young, and we do not find a delay of such dimension as to indicate slackness or incompetence on the part of plaintiff's counsel.

Columbia's reliance on the fact that no one has come forward to join plaintiff is unpersuasive. Gilinsky's tenured position at Bridgeport University enables her to challenge the hiring practices of a leading university from a more secure base than others who seek employment or tenure in the teaching profession. Even for persons seeking to change positions who do have tenure, there is little to be gained and much to be lost in coming forward as a named plaintiff in an action where their interests are already protected by class membership. The lack of volunteers provides no ground for inferring that there is no class of interested persons to represent or that plaintiff cannot adequately represent them and, indeed, it appears to be the norm in race and sex discrimination cases.

Finally, Columbia argues that plaintiff's interests conflict with the class, because (1) some of the relief sought by the complaint will benefit her individually and (2) her individual grievance is pending before the State Division of Human Rights. Of course, adequate representation cannot exist if there is antagonism between the representative and the class she represents. However, nothing in the factors mentioned above suggests any conflict of interest.

Rule 23(a)(4) does not require a named plaintiff to forego her individual

---

1. Columbia University's Affirmative Action Program, Table T–1, page 3, *quoting* Summary Report 1970 Doctorate Recipients from United States Universities, prepared in Manpower Studies Branch, Office of Scientific Personnel, National Research Council, Washington, D.C. OSP–MS–4. March, 1971.

claims. To the contrary, the adequacy of representation by a person who does not have or does not wish to press individual claims would be highly questionable. Furthermore, we find no reason to conclude that, merely because plaintiff seeks "senior rank" at the University, she is attempting to obtain, as defendants argue, a "preference" over other qualified members of the class.

Finally, Gilinsky's proceeding before the State Human Rights Division has no bearing on this motion. Referral of EEOC complaints to the state agency is mandated by the statute (42 U.S.C. § 2000e–5(b)), but the continued pendency of agency proceedings does not deprive an individual of the statutory right to sue within the time frame established by the Act. *See* Dent v. St. Louis-San Francisco Railway Co., 406 F.2d 399 (5th Cir. 1969); Danner v. Phillips Petroleum Co., 447 F.2d 159, 161 (5th Cir. 1971). Success before the agency would not moot the action with regard to the class (*see* Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968)) and if plaintiff prevails in the state proceedings there will be time enough to determine whether she has become so disinterested as no longer to be able to represent the class adequately— although this is a hypothesis which we assume will be of greater concern to plaintiff class members than to the defendants. Moreover, to assume at the outset that any plaintiff in a case such as this would abandon ship upon succeeding as to his own private interests in an administrative forum would be at odds with the Congressional scheme which allows judicial and administrative proceedings to go forward simultaneously. An adverse agency decision on Gilinsky's individual claim, on the other hand, would neither bar the claims of the class nor would it render Gilinsky ineligible to represent it. Huff v. N.D. Cass Co., 485 F.2d 710 (5th Cir., 1973), held that even a determination by a district court that an individual's claims were without merit did not demonstrate that he could not fairly and adequately represent a class of persons with common claims. See also Martin v. Thompson Tractor Co., 486 F.2d 510 (5th Cir., October 5, 1973), and Smith v. Delta Air Lines, Inc., 486 F.2d 512 (5th Cir., 1973). In short, the success or failure of Gilinsky's individual claims before the agency or indeed before this court are beside the question we are confronted with here, which is whether she can adequately represent the class. Miller v. Mackey International, Inc., 452 F.2d 424, 427–428 (5th Cir. 1971); Johnson v. Georgia Highway Express, Inc., 417 F. 2d 1122, 1124–1125 (5th Cir. 1969). We find that she can.

Accordingly, Rule 23(a)(4) is satisfied. Since, as discussed above, the other prerequisites to a class determination are met, plaintiff's motion is granted and defendants' denied. Defendants may move for the award of reasonable costs and counsel fees upon a showing that plaintiff's delay in making the instant motion has caused them additional expense.

It is so ordered.