(No. 46531.—)

HAROLD L. PERLMAN *et al.*, Appellees, v. FIRST NATIONAL BANK OF CHICAGO, Appellant.

*Order entered April 7, 1975.*

UNDERWOOD, C.J., dissenting.

Albert E. Jenner, Jr., Keith F. Bode, Peter A. Flynn, and Michael J. Rovell, of Chicago (Jenner & Block, of counsel), for appellant.

Irving T. Zemans and Harry Kalven, Jr., of Chicago, for appellees.

PER CURIAM: In this case the court has been unable to reach a decision because two judges have recused themselves and the remaining members of the court are divided so that it is impossible to secure the concurrence of four judges which is required by section 3 of article VI of the Constitution.

The court has carefully considered, in this case and in other cases, the appropriate method of resolving the problem that occurs when individual judges are disqualified and a constitutional majority of four cannot be mustered for any opinion. No solution is wholly free from objection. The court has decided, however, that it is

preferable, in cases that have come to this court upon appeal from the appellate court, to follow substantially the procedure that is employed by the Supreme Court of the United States when the judges of that court are equally divided.

In such cases it is the practice of the Supreme Court of the United States to affirm the judgment of the court that is before it for review. Such an affirmance is a conclusive determination and adjudication as between the parties to the immediate case, but it is not authority for the determination of other cases, either in the Supreme Court or in any other court. It is not "entitled to precedential weight." The legal effect of such an affirmance is the same as if the appeal was dismissed (see *Neil v. Biggers* (1972), 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375), and it is this course, rather than the Supreme Court's practice affirming the judgment under review, which we have decided to follow.

*Appeal dismissed.*

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

While I have recused myself in a determination of the merits of this case, I do not consider this to preclude expression of my disagreement with the methods chosen by a majority of the court for disposing of those cases in which the constitutionally required four votes (Ill. Const. (1970), art. VI, sec. 3) cannot be mustered for a resolution on the merits.

This case was certified to us by the First District Appellate Court under our Rule 316 providing for such certification where the appellate court believes the case "involves a question of such importance that it should be decided by the Supreme Court." A majority of our court now dismisses the appeal without resolving its merits, thus leaving in effect the appellate court judgment.

Another case, *Lehnhausen v. Downs,* 60 Ill.2d 528, a direct appeal to this court under our Rule 302(a),

culminated in the disqualification of one of our members and the inability to resolve that case on the merits. It was disposed of last term by an order transferring the appeal to the appellate court. 60 Ill.2d 528.

Those cases represent the two categories (appeals from the circuit court; appeals from the appellate court) into which most of the cases coming before this court fall. However, there is a third group composed of original actions in our court, and among these are matters relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. As to the redistricting and the gubernatorial displacement matters our constitution vests *exclusive* jurisdiction in this court. Ill. Const. (1970), art. VI, sec. 9.

It seems to me desirable to utilize a uniform means of resolving all cases in which four members of this court fail to agree. That means is provided in section 16 of article VI of the 1970 Constitution, which reads: "The Supreme Court may assign a Judge temporarily to any court ***." On the infrequent occasions when at least four members of this court are unable to agree, because of the disqualification of one or more of us, I would assign to our court appellate court judges who would sit in place of our disqualified members and only for the purposes of deciding the case in which four of our members could not agree. In order to eliminate any possibility that the result in a given case had been preordained by the selection of a particular judge, I believe our court should select now a list of seven appellate court members and list their names alphabetically, or in the order drawn by chance. Those judges would then be assigned to our court, as the need arose, in rotation.

While there is no completely satisfactory means of resolving cases such as this, the method above outlined is, to me, more nearly so than either of those now used by our court. Neither a transfer to the appellate court, as in *Lehnhausen v. Downs,* nor dismissal of the appeal, as here,

will resolve the original action in this court in which, because of recusals, we are unable to agree. Ultimately, that situation will occur in a case which will not become moot; we will then be compelled to assign in replacements for our recused members. I would set up the machinery for doing so now, and I would use that machinery here and in every instance of an inability of four judges of our court to agree.