**Mr. & Mrs. Jack N. TUROFF, and Mr. & Mrs. Robert S. Turoff, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,**

v.

**The MAY COMPANY, Defendant-Appellee.**

**No. 75–1697.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 16, 1975.

Decided March 16, 1976.

Robert S. Turoff, Turoff & Turoff, Jeffrey Glazer, Cleveland, Ohio, for plaintiffs-appellants.

William B. Norris, Hahn, Loeser, Freedheim, Dean & Wellman, David G. Heiman, Cleveland, Ohio, for defendant-appellee.

Before CELEBREZZE, Circuit Judge, McCREE, Circuit Judge, and MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.*

PER CURIAM.

The Turoffs appeal from the final judgment in favor of The May Company (May), granted upon motion for summary judgment.

### Issues

Was the district court correct in concluding that: (1) the Turoffs did not have standing to represent the class of May charge account customers similarly situated; (2) use of the "previous balance" ** billing method does not violate the Ohio Usury Law, O.R.C. 1343.01, the Uniform Commercial Code sections O.R.C. 1302.60, 1302.61, and 1302.85, the Ohio Retail Installment Sales Act, O.R.C. 1317.01 et seq., the Truth in Lending Act 15 U.S.C. 1601 et seq.,

---

* Sitting by designation.

** In the previous balance method, interest is based on the previous month's balance due, regardless of charges or credits to the account.

or the Board of Governors of the Federal Reserve System, Regulation Z, 12 C.F.R. 226.1 et seq.; (3) the format of May's installment agreements meets the disclosure requirements of the Truth in Lending Act, *supra*, and Regulation Z, *supra* ; (4) under the Ohio Retail Installment Sales Act O.R.C. 1317.01 et seq., May legally changed Turoffs' accounts to revolving charge accounts; (5) May's failure to send a 12 C.F.R. 226.9(b) notice following the purchase of a dishwasher did not violate the Truth in Lending Act, *supra*, or Regulation Z, *supra* ; and (6) the Truth in Lending Act and Regulation Z were not violated by May's Eagle stamp policy.

## OPINION

### (1) *Standing*

■ The Turoffs do not have standing to represent the class of May charge account customers similarly situated. Of the four named plaintiffs, three are attorneys with the law firm of counsel and the fourth is the wife of one of them. Rule 23(a)(4) of the Federal Rules of Civil Procedure provides that a representative party must "fairly and adequately protect the interests of the class." For the same individual to attempt representation of the class as plaintiff and as counsel presents an inherent conflict of interests. Because the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class herein, the financial interests of the named plaintiffs and of the class are not coextensive. If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person. See *Kriger v. European Health Spa, Inc., of Milwaukee, Wis.*, 56 F.R.D. 104 (E.D.Wis.1972); *Shields v. First National Bank of Arizona*, 56 F.R.D. 442 (D.Ariz. 1972); *Shields v. Valley National Bank of Arizona*, 56 F.R.D. 448 (D.Ariz.1971); *Cotchett v. Avis Rent A Car System, Inc.*,

56 F.R.D. 549 (S.D.N.Y.1972); *Eovaldi v. First National Bank of Chicago*, 57 F.R.D. 545 (N.D.Ill.1972); *Graybeal v. American Savings & Loan Association*, 59 F.R.D. 7 (D.C.D.C.1973); *Berkman v. Sinclair Oil Corporation*, 59 F.R.D. 602 (N.D.Ill.1973); *Shibley v. Time, Inc.*, 321 N.E.2d 791 (Cuy. Co.C.P.1974); *Stull v. Pool*, 63 F.R.D. 702 (S.D.N.Y.1974).

Accordingly, the district court's denial of Turoffs' certification as representative of the class is affirmed.

The lower court allowed the Turoffs to proceed as individual plaintiffs with respect to the issues designated at (2)–(6) above and presented to us on appeal.

### (2) *The "Previous Balance" Method*

■ We find no merit in the Turoffs' contention that May's previous balance billing method is illegal. The use of that method is explicitly recognized by the Truth in Lending Act at 15 U.S.C. 1637(b)(8), and expressly authorized by the Ohio Retail Installment Sales Act at O.R.C. 1317.11(B). Those sections being unaffected by the Ohio Usury Law or by the Uniform Commercial Code, we agree with the district court's conclusion that May's previous balance method violated neither Ohio nor federal law. See *Taylor v. R. H. Macy & Co.*, 481 F.2d 178 (9th Cir. 1973).

### (3) *Installment Agreement-Disclosure Requirements*

In the motion for summary judgment, Turoffs allege that May's Retail Installment Agreement (Agreement) fails to meet the affirmative requirements of the Truth in Lending Act, 15 U.S.C. 1631(a), 1632(b), 1637(a)(1), 1637(a)(2), 1637(a)(3), and 1637(a)(7) and the corresponding sections of explanatory Regulation Z, respectively, 12 C.F.R. 226.6(a), 226.6(c)(2), 226.7(a)(1), 226.-7(a)(2), 226.7(a)(3), and 226.7(a)(7).

■ First, it is asserted that paragraph 3 of the Agreement fails to meet the clarity requirement of 15 U.S.C. 1631(a) and, there-

fore, fails to state clearly the conditions under which a finance charge may be imposed and the method of determining the balance upon which the finance charge is based as required by 15 U.S.C. 1637(a)(1) and (2) and the corresponding sections of Regulation Z. Paragraph 3 of the Agreement speaks first of clearing the balance to within $10 to avoid a finance charge and then of previous balances of $5 and under for which no finance charge is made. From the text it is clear that, normally, finance charges are added to all balances over $5, but when customers reduce a large balance to within $10 during the current billing period, they are excused from paying a finance charge. This language, then, does inform the customer of balances and conditions upon which the finance charge is imposed.

Clarity is a relative concept. There are ways May could rephrase their explanations to make them clearer to some, but others may find the new explanation less clear. Too much explanation can become so verbose that its informative value is lost. The requirement is not for absolute clarity or perfection, but merely for clear disclosures. Weighing all these factors we conclude that, although the statements could have been made more clearly, the language is adequate to meet the requirements for clarity of disclosure in the Truth in Lending Act and in Regulation Z.

Further, the Turoffs allege that the definition of "previous balance" is insufficient to meet the requirements of 15 U.S.C. 1637(a)(2) and (3), *supra*, and the corresponding sections of Regulation Z. They say defining it as the "balance remaining unpaid from the previous monthly billing period" is inadequate because it does not affirmatively state that credits accrued after the end of the previous monthly billing period will not be subtracted from the previous balance before calculating the interest due. The statute does not require such a statement. Indeed, the language is not unlike that of 12 C.F.R. 226.7(b)(1) which, in listing the contents of the monthly billing form, specifies "The outstanding balance in the account at the beginning of the billing cycle, using the term 'previous balance.'" The method by which the "previous balance," upon which the finance charge is imposed, and the amount of the finance charge is made clear. It is not required that the definition of "previous balance" include a list of things that are not done. Whether any of such things should be done is another question entirely. The requirement is for clarity and the challenged definition meets that requirement.

█ Finally, it is alleged that the placement of the information required by the state of Ohio is contrary to 15 U.S.C. 1632(b), which allows for inclusion on the Agreement of additional disclosures beyond those required by the Truth in Lending Act, and contrary to Regulation Z at 12 C.F.R. 226.6(c)(2), which provides for placement of such *inconsistent* state requirements. We are unpersuaded that the additional statements are inconsistent within the meaning of 12 C.F.R. 226.6(b), and the placement requirements of § 226.6(c)(2) are therefore not applicable.

Regarding the above sections, which were enumerated in the Turoffs' motion for summary judgment but not briefed, we agree with the court below that the language of the Agreement is consistent with those sections of the law.

Since the Agreement violates neither the letter nor the spirit of either the Truth in Lending Act or of Regulation Z, we affirm the District Court's granting of summary judgment to May on this issue.

### (4) Change in Type of Account

█ We agree, also, with the district court's conclusion that May's actions in changing the Turoffs' accounts were not arbitrary. The Turoffs' accounts were changed to "revolving charge" type accounts only after they had become substantially in arrears. For three years after the change, the Turoffs utilized the accounts, paying the interest charges ac-

crued. That extended acquiescence barred complaint, in view of the one year statute of limitations, O.R.C. 2305.11.

### (5) *Security Interest*

■ The Turoffs allege that May failed to inform them of their right to rescind their purchase of a dishwasher by sending them a notice of the form specified in Regulation Z at 12 C.F.R. 226.9(b). 15 U.S.C. 1635(a) as interpreted by 12 C.F.R. 226.9(a) provides

[i]n . . . any credit transaction in which a security interest is or will be retained or acquired in any real property which is used or is expected to be used as the principal residence of the customer, the customer shall have the right to rescind that transaction until . . . the third . . . day, following the date of . . . that transaction or the date of delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later . . . .

We take as true the Turoffs' assertion that they never received a § 226.9(b) notice, but this alone does not create a cause of action. The Turoffs must allege facts which when taken as true indicate a transaction within the ambit of 15 U.S.C. 1635(a) and acts by May which violate that section.

We find that the Turoffs have failed to carry that burden. First the purchase is described only as a "dishwasher," which may or may not be of a design suitable for becoming a fixture. It could be a portable dishwasher, for example. It is incumbent on the Turoffs to allege such facts from which the court can conclude, as a matter of law, that May can or will retain or acquire an interest in realty from the transaction.

■ Second, May's Retail Installment Agreement, a copy of which Robert Turoff signed two weeks before purchasing the dishwasher, provides "If merchandise purchased becomes real property, security interest is waived." Because May had previously waived its rights to retain or acquire any security interest in the Turoffs' realty, the transaction involving the sale of a dishwasher could not result in giving them that which they had given up the right to acquire. Hence, the purchase of the dishwasher was not brought within the ambit of 15 U.S.C. 1635(a)

Accordingly, we conclude that the Turoffs' "failure to disclose" claim relating to security interests is inapplicable to the transaction involved and therefore fails to state a cause of action upon which relief could be granted.

### (6) *Eagle Stamps*

■ Under Rule 56(e) of the Federal Rules of Civil Procedure, the Turoffs were required, by affidavits or otherwise, to set forth specific facts showing a genuine issue for trial. In the present case, May supplied an affidavit and a deposition of Mr. Wenning, Divisional Vice President—Director of Credit of the May Company of Cleveland, Ohio, both of which set forth May's Eagle stamp policy. For the Turoffs, there is an affidavit of Mr. Glazer in which he sets forth what two cashiers of May told him, and a copy of a May form which is entitled "there's been a change," which form explains the monthly billing form, including a statement on obtaining Eagle stamps. The Glazer affidavit states that the cashiers told him, after the Turoffs (who were never denied stamps) had stopped using their accounts, that May denied stamps for late payment. Glazer's affidavit is pure hearsay and entitled to no weight. The "there's been a change" form is consistent with the Wenning affidavit and deposition. Consequently, we must accept, for this appeal, Mr. Wenning's version of May's Eagle stamp policy.

■ The Eagle stamp policy as set forth by Mr. Wenning is not a discount within the ambit of 15 U.S.C. 1605(a) or 1637(b)(4) and Regulation Z sections 226.4(a)(1) and 226.-7(b)(4), as the Turoffs contend. Mr. Wenning said in the deposition:

Q. Well, can you please tell me how the collection and the turning in of eagle

stamps works—the process? Mr. Heiman: Objection.

A. Are you talking about its relation to charge or what? Cash, or how?

Q. Either. Let's take charge.

A. The eagle—you get eagle stamps in the equivalent of the payments you make on your account, if you redeem the portion of the statement that shows that on it. Is that what you are asking?

Q. Yes. Does anyone that makes a payment get these eagle stamps?

A. Yes.

Q. Even if the payment is three months old?

A. Yes.

Q. Do you get more eagle stamps for making the payment within the 30 days?

A. No.

Thus, we must accept as true that the same number of Eagle stamps are given regardless of when the bill is paid. The Eagle stamps thus provide no discount for early payment and impose no finance charge or penalty for late payment. Hence, the Turoffs' allegations that May "failed to disclose its Eagle Stamp discount" and that such failure results in misstatements of the "annual percentage rate" and of the "periodic rate" are without foundation. Disclosures having no effect on discounts or charges are not required. Because the Turoffs have failed to set forth facts indicative of an Eagle stamp policy violative of the Truth in Lending Act, they have failed to set forth a claim upon which relief can be granted. The district court was correct in granting May's motion for summary judgment.

The district court having properly disposed of all issues, its judgment must be *affirmed.*