DONALD E. BARLIANT, d/b/a Mayuba Book Stores, Plaintiff-Appellant, *v.*
HOUGHTON MIFFLIN COMPANY, Defendant-Appellee.

First District (1st Division)   No. 76-185

Opinion filed January 24, 1977.

Yaffe, Mark & Barliant, of Chicago (Earl D. Yaffe, of counsel), for appellant.

Mayer, Brown & Platt, of Chicago (H. Templeton Brown, Lee N. Abrams, and Kenneth J. Jurek, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This proceeding was instituted by plaintiff, Donald E. Barliant, as a class action on behalf of himself and all other booksellers who purchased books from defendant, Houghton Mifflin Company, a publisher. The

plaintiff's grievance is that Houghton Mifflin improperly assessed a hidden charge for insurance upon its mail-order customers as a part of an item labeled, "Transportation and Handling Charges." The complaint alleges that in imposing a charge for insurance the defendant breached its contracts with plaintiff and the class members, defrauded them and subjected them to a deceptive trade practice.

Plaintiff is the owner of three bookstores as well as an attorney licensed to practice law in this State and a member of the law firm which filed this class action. The issues raised on this appeal are: (i) May an individual act in the dual role of plaintiff representing a purported class as well as the attorney for the class, and (ii) Do plaintiff and other customers of defendant comprising the purported class share the type of common interest in the subject matter and remedy of the action which would justify a class action. The defendant also contends that a class action is improper because no common fund exists from which monetary relief can be granted to members of the purported class. The circuit court struck the class action allegations of the complaint on the ground that community of interest in the subject matter and remedy was lacking. The circuit court found that there was no just reason for delaying an appeal, and the plaintiff appeals from the order striking the class action allegations.

No Illinois reviewing court has resolved the propriety of a class being represented by a person acting in the capacity of both plaintiff and attorney for the class. Plaintiff suggests that in *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236, *appeal dismissed* (1975), 60 Ill. 2d 529, 331 N.E.2d 65, and *Hamer v. Village of Deerfield* (1975), 33 Ill. App. 3d 804, 338 N.E.2d 242, both class actions, the plaintiff occupied this type of dual role. The court in neither of these cases considered whether this raised a conflict of interest which disqualified the attorney from representing the class. Thus, those decisions are not vantage points for viewing the dual capacity in which Mr. Barliant appears in this case. See *Kramer v. Scientific Control Corp.* (3rd Cir. 1976), 534 F.2d 1085, 1090 n. 11.

Two well-reasoned United States Court of Appeals decisions have concluded that a class is not fairly and adequately represented where the same individual attempts representation of the class both as plaintiff and as attorney. (*Kramer v. Scientific Control Corp.* (3rd Cir. 1976), 534 F.2d 1085; *Turoff v. May Co.* (6th Cir. 1976), 531 F.2d 1357.) Several United States district courts, including the United States District Court for the Northern District of Illinois in *Flamm v. Eberstadt* (N.D. Ill. 1976), 72 F.R.D. 187, have reached the same conclusion (see cases cited in *Flamm* at page 189) as did *Shibley v. Time, Inc.* (1975), 45 Ohio App. 2d 69, 341 N.E.2d 337.

■■ Apart from two decisions referred to in *Flamm* (*Umbriac v. American Snacks, Inc.* (E.D. Pa. 1975), 388 F. Supp. 265, and *Lamb v. United Security Life Co.* (S.D. Iowa 1972), 59 F.R.D. 25), the only Federal case this court's research has located which did not disapprove of the plaintiff acting as attorney for the class is *Residex Corp. v. Farrow* (E.D. Pa. 1975), 20 Fed. Rules Serv. 2d 97. *Umbriac* and *Residex Corp.* are no longer persuasive precedents because they are inconsistent with the subsequent *Kramer* decision by the court of appeals for the circuit of which the *Umbriac* and *Residex* court is a part. *Saxer v. Phillip Morris, Inc.* (1975), 54 Cal. App. 3d 7, 126 Cal. Rptr. 327, and *McGhee v. Bank of America National Trust & Savings Association* (1976), 60 Cal. App. 3d 442, 131 Cal. Rptr. 482, also sanction the attorney-client relationship for which plaintiff in this case seeks approval. Both of these California decisions, however, rely on *Darr v. Yellow Cab Co.* (1967), 67 Cal. 2d 695, 433 P.2d 732, which like the Illinois *Perlman* and *Hamer* cases involved a lawyer who was acting in a dual capacity without the court passing upon the propriety of that arrangement. Thus, the authority disapproving of a class-action plaintiff also representing the class as attorney of record is overwhelming.

It would serve no purpose to extend this opinion by repeating the rationale set forth in *Kramer, Turoff* and *Flamm* to reach the result those courts did. It will suffice to refer to those opinions and to express this court's agreement with their content.

Plaintiff argues that section 52.1 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 52.1) which requires court approval for the compromise or dismissal of a class action protects against the potential conflict of interest which disturbed the courts in *Kramer, Turoff* and *Flamm*. A similar suggestion was considered in *Flamm* at page 190 and the court concluded that the almost identical requirement for court approval in Rule 23(e) F.R.C.P. did not provide an adequate safeguard against the conflict of interest to which an attorney also representing the class as plaintiff exposes himself.

■■■ The conclusion of this court is that the circuit court should have disqualified Mr. Barliant from acting as the attorney for the class. It is possible that the plaintiff in view of this decision may choose not to proceed with this matter as a class action; in that event disposition of the two remaining issues raised by the defendant and questioning whether this is a proper class action would be unnecessary. Moreover, the circuit court should not have passed on either of the remaining issues, and it would be anomalous for this court to decide them upon the argument of an attorney who is disqualified to act for the class so long as he continues to act as plaintiff. For this reason, the order of the circuit court striking the class action allegations is vacated, and this cause is remanded for further

proceedings not inconsistent with this opinion. If new counsel appears or the plaintiff is replaced by another bookstore owner and upon further hearing the circuit court adheres to its previously expressed view that the class action allegations should be stricken because of a lack of a community interest in the subject matter and remedy of the action, the plaintiff would have the privilege of again presenting those issues to this court in another appeal.

Order vacated and cause remanded for further proceedings not inconsistent with this opinion.

GOLDBERG, P. J., and O'CONNOR, J., concur.