(No. 50153.—

DONALD E. BARLIANT, d/b/a Mayuba Book Stores, Appellant, v. FOLLETT CORPORATION, Appellee.

*Opinion filed Oct. 6, 1978.—Rehearing denied Jan. 25, 1979.*

228

Earl D. Yaffe, of Yaffe, Mark & Barliant, of Chicago, for appellant.

Brown & Blumberg, of Chicago (Eugene L. Resnick and Stephen E. Smith, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Donald Barliant (doing business as Mayuba Book

Stores), the plaintiff and an attorney, filed a class action complaint in the circuit court of Cook County against the defendant, Follett Corporation, a book publisher, alleging breach of contract, fraud, and a deceptive trade practice within the meaning of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1971, ch. 121½, par. 311 *et seq.*). The defendant's motion to dismiss the complaint was denied. Judge Charles P. Barrett entered an order, on November 15, 1972, which found that the complaint was properly filed as a class action and stated a cause of action. After a series of reassignments of the case to other judges, Judge Joseph Wosik, on January 23, 1976, vacated Judge Barrett's order, dismissed the class action, and found no just reason to delay enforcement or appeal of the order. Barliant appealed to the appellate court, which affirmed. (53 Ill. App. 3d 101.) We granted plaintiff leave to appeal. 58 Ill. 2d R. 315.

Judge Wosik vacated Judge Barrett's prior order which provided:

"(1.) That this cause is properly filed as a Class Action as to all purchasers from the Defendant billed for transportation 'BKPST TRANS-INS'—rather than 'FOB'.

(2.) That the Complaint herein states a good cause of action."

Although the parties, arguing he exceeded his authority, have made an issue of the propriety of Judge Wosik's order, we need not reach that question.

Section 57.3(a) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.3(a)) provides:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits."

The intent is to have the court determine at the earliest possible time the suitability of the case for class action.

This cures a significant defect in prior Illinois law because this question would in some instances not be reached until after a case had been tried on the merits. (Forde, *Class Actions in Illinois: Toward a More Attractive Forum for this Essential Remedy,* 26 De Paul L. Rev. 211, 231 (1977) (hereafter Forde).) Both sides in an action would benefit from an early determination of the propriety of a class action. Allowing a judge to vacate a class action determination by another judge, three years later, is contrary to the objectives of the statute and fosters uncertainty in the litigation. It may be beneficial to the orderly administration of justice for a second judge to set aside an earlier determination of a suitable class action if clearly changed circumstances, and not mere feelings of error, or more complete discovery warranted it; that is within the scope of section 57.3(a). But, that simply is not evident here. (There is indication that Barliant's becoming a partner in the law firm of Yaffe & Yaffe (now Yaffe, Mark & Barliant), which represents the plaintiff here, after Judge Barrett's order but before Judge Wosik's order, was considered a change of circumstances. It is not clear that this was the basis. However, we believe it was not sufficient justification for dismissing the class suit. Rather, as we decide below (74 Ill. 2d at 237-38), the proper course would have been to disqualify the representing law firm and allow substitution of competent counsel.) Where there has been no clear change of circumstances, a party in a class action should be able to rely on the rulings of a judge lest the party fruitlessly invest much time and effort in preparation. Here, for example, there were three years of discovery involving the hiring of outside consultants, computer expenditures, and depositions. (Federal case law, applying a virtually identical Federal provision (Fed. R. Civ. P. 23), permits a revision of prior rulings but on the basis of changed facts. In *Zenith Laboratories, Inc. v. Carter-Wallace, Inc.* (3d Cir. 1976), 530 F.2d 508, 512, for

example, the court held that a second judge, who had replaced a prior judge in normal rotation, could reverse the prior judge on the basis of a changed factual situation or fuller development of the facts. The changes were the settlement of a related patent-infringement suit which occurred after the initial determination that the class was proper, and the addition of four counts to the plaintiff's complaint. The court found, as a result, that if the plaintiff were allowed to represent the alleged class, the defendant could assert defenses against the plaintiff not available to other members of that class.) Hence, we are unable to find a justification for Judge Wosik's order vacating Judge Barrett's prior finding of a maintainable class action. The second reason for reversing is that the enactment of the class action statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2 *et seq.*), after the decision of the appellate court in this case, necessitates a review of Judge Wosik's order. Whatever the standard he employed here to dismiss the class action, and it is unclear from the record, the recent class action statute is applicable. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 337; *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 48.) The question, then, is whether in the instant case the prerequisites of section 57.2, for the maintenance of a class action, are met.

The parties generally agree on the facts, which are thoroughly stated in the appellate court opinion. In January 1971, the defendant computerized its billing system for book sales to the plaintiff and the other class members. This change from the previously manual system encompassed a charge labeled "BKPST TRANS-INS" on the invoices sent to customers who purchased books on credit. These books were shipped via the United States Postal Service at the fourth-class book-post rate. Barliant first objected to this charge in May of 1972 but the defendant refused to refund the accumulated $15 in

charges paid by Barliant in the preceeding 17 months. Barliant then filed this suit to recover alleged overcharges on behalf of himself and all of Follett's customers similarly situated. The complaint claimed that the "BKPST TRANS-INS" charge was in excess of the Postal Service charge at the book-post rate and that this violated the defendant's published terms of sale which were F.O.B. the defendant's warehouse. Subsequently the circuit court orders we are concerned with were entered.

Section 57.2 of the Civil Practice Act provides:

> "(a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>> (1) The class is so numerous that joinder of all members is impracticable.
>> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>> (3) The representative parties will fairly and adequately protect the interest of the class.
>> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

The plaintiff's petition for leave to appeal and the defendant's answer make arguments based on the case law prior to the enactment of the class action provisions. Their supplemental briefs predictably make their points on the bases of the statute and *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320. It is clear that we are not being asked to determine whether or not a cause of action exists. (The appellate court and the defendant concede that a cause of action, at least for some of the alleged class plaintiffs, exists. Moreover, Judge Wosik's order and the proceeding before Judge F. Emmett Morrissey, who had been assigned the case subsequent to the entry of Judge Barrett's order and who indicated he would vacate that order, manifest a cause of action. Finally, if the well-

pleaded facts of the complaint are accepted as true, as is proper on a motion to dismiss (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 329) then the complaint states a good cause of action.) Rather, the propriety of a class action here is at issue. The first prerequisite of numerosity is not in dispute. The defendant is a large book publisher, and, as the record shows, extensively uses the postal system to ship books to its customers. The second and third prerequisites are at the heart of the dispute.

Both the class action statute and Illinois case law require the existence of "questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members." (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(2); *e.g., Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 347.) The appellate court, in finding this requirement lacking, linked it to the existence of plaintiff's cause of action for breach of contract and concluded a common question did not exist because the controversy necessitated individual proofs for each alleged class member. "Thus, even if Barliant succeeds in proving his case at a trial, the issue remaining to be resolved to establish a right of recovery in any other class plaintiff is the defendant's liability." (53 Ill. App. 3d 101, 107.) The defendant emphasizes this point by arguing "that both overcharges and undercharges were involved [and] will allow recovery by both plaintiffs and defendant. This necessitates examination of each individual transaction." This argument is not without merit but it ignores two points. First, *Steinberg* noted that requirement of individual proofs should not be a bar to a class action. (69 Ill. 2d 320, 340-42; see *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 542-45.) Second, the record shows that the "undercharges" were rather infrequent.

Judge Barrett's order included "all purchasers from the defendant billed for transportation 'BKPST TRANS-

INS'—rather than 'F.O.B.'." It would exclude all cash or "noncharge" customers of the defendant (since they were required to pay for postage and handling costs in advance and the defendant would have no reason to bill them). It would exclude purchasers whose orders were shipped by commercial carriers. It would exclude from the class those receiving book shipments weighing in excess of 100 pounds because such shipments may not be sent by the book-post rate of the postal service. It would exclude shipments which had the postage prepaid. These exclusions narrow the class significantly, making identification feasible. Concomitantly, there is a more readily identifiable common question which predominates: whether the addition of the charge, BKPST TRANS-INS, on the invoice violates the sales agreement which specified the books would be shipped F.O.B. defendant's warehouse in Chicago. The presence of the common question of fact or law is all that the statute and *Steinberg* (69 Ill. 2d 320, 338) require for fulfillment of the second prerequisite. Accord, Fed. R. Civ. P. 23(a)(2). See also Forde, at 218-25, 229-30; Ill. Ann. Stat., ch. 110, par. 57.2, Supplement to Historical and Practice Notes, at 70 (Smith-Hurd Supp. 1978).

The third prerequisite is that the "representative parties will fairly and adequately protect the interest of the class." (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(3).) While the suit was pending, the plaintiff, Donald Barliant, became a partner in the law firm of Yaffe & Yaffe (now Yaffe, Mark & Barliant), which has been representing the plaintiff, and class, from the start. (Prior to joining the firm, the plaintiff shared office space with Yaffe & Yaffe.) The defendant maintains that the plaintiff's partnership with the firm representing him and the class impairs his ability to adequately represent the class due to conflict of interest. We agree. The courts must be vigilant in their concern for the quality of class representation. Due

process requires that the representation be adequate before absent class members will be bound by the results of the suit. *Hansberry v. Lee* (1940), 311 U.S. 32, 42-43, 85 L. Ed. 22, 27-28, 61 S. Ct. 115, 118-19.

While this court has not decided this question before, we did refer to it in *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583, 588. The appellate court, in *Barliant v. Houghton Mifflin Co.* (1977), 45 Ill. App. 3d 494, 496, a similar class suit involving the plaintiff in the instant case, held that a person may not act as both plaintiff and attorney for the class. (Accord, *Hamer v. Board of Education* (1977), 52 Ill. App. 3d 531, 538-40.) Its rationale was based on Federal court decisions which have interpreted language (Fed. R. Civ. P. 23(a)(4)) identical to section 57.2(a)(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(3)). The vast majority of Federal case law is in accord with the Illinois appellate court. (*E.g., Susman v. Lincoln American Corp.* (7th Cir. 1977), 561 F.2d 86, 92-96; *Brick v. CPC International, Inc.* (2d Cir. 1976), 547 F.2d 185, 186; *Kramer v. Scientific Control Corp.* (3d Cir. 1976), 534 F.2d 1085, 1089-91; *Turoff v. May Co.* (6th Cir. 1976), 531 F.2d 1357, 1360.) The reasoning of cases holding that an attorney may not have the dual role of plaintiff and attorney for the class is that conflict results from the fact that the class attorney is the financial beneficiary of the action. This factor may result in the attorney - class representative acting in a manner inconsistent with the interests of the class. (*Turoff v. May Co.* (6th Cir. 1976), 531 F.2d 1357, 1360.) Courts have also been concerned with spurious or manufactured litigation and champerty in class actions involving a class representative who is also the class attorney. (See *Shields v. Valley National Bank* (D. Ariz. 1971), 56 F.R.D. 448, 450; accord, *Byrnes v. IDS Realty Trust* (D. Minn. 1976), 70 F.R.D. 608, 614.) Ethical considerations have also been

the source for prohibiting the dual role. In *Kramer v. Scientific Control Corp.* (3d Cir. 1976), 534 F.2d 1085, 1090, the court was concerned about the appearance of impropriety (Canon 9 of the ABA Code of Professional Responsibility) as was the court in *Zylstra v. Safeway Stores* (5th Cir. 1978), 47 L.W. 2112, which also took notice of Canon 5 of the Code (Disciplinary Rule 5—101, prohibition against an attorney accepting employment in a case in which the attorney might be called to testify). Finally, an attorney in this dual role may well have a proprietary interest in the litigation in violation of Canon 5 (Disciplinary Rule 5—103).

A more specific question here is whether the law firm, in which the representative plaintiff of the class suit is a member, should be disqualified from acting as class counsel. Based on the reasoning above, we believe it must be disqualified. (*Brick v. CPC International, Inc.* (2d Cir. 1976), 547 F.2d 185, 186; *Zylstra v. Safeway Stores* (5th Cir. 1978), 47 L.W. 2112. See *Barliant v. Houghton Mifflin Co.* (1977), 45 Ill. App. 3d 494.) It just is not enough that the representative state, by affidavit as here or otherwise, he or she will receive no part of the attorney fees awarded. At the very least, an appearance of impropriety remains. *Kramer v. Scientific Control Corp.* (3d Cir. 1976), 534 F.2d 1085, 1091.

The courts that have decided the issue have taken two approaches. The first approach, taken in *Kramer v. Scientific Control Corp.* (3d Cir. 1976), 534 F.2d 1085, 1090, has adopted a *per se* rule: "the attorney-plaintiff class representative may not also serve as counsel for the class." The second approach, as exemplified by *Susman v. Lincoln American Corp.* (7th Cir. 1977), 561 F.2d 86, 93-94, rejects the *per se* rule in favor of a case-by-case method of determining the existence of conflict presented by the dual role issue. The most recent case in the Federal court, *Zylstra v. Safeway Stores* (5th Cir. 1978), 47 L.W.

2112, has adopted the *per se* rule of disqualification. We believe the better view is the *per se* rule, because it unequivocally clarifies a question of class representation by counsel by avoiding any conflict at the very outset of the suit. Since the litigants and counsel also represent absent parties, increasing the protection afforded them is paramount. Section 57.2(a)(3) mandates that. A *per se* rule would never harm the absent parties but, on the contrary, would automatically allow competent counsel to take over the work of counsel with a conflict, and avoid the possible, if not probable, delays inherent in the "flexible," case-by-case approach of *Susman*.

Applying the rule to this case, we find the firm of Yaffe, Mark & Barliant must be disqualified. We must then remand to the circuit court with directions to require the substitution of independent counsel before the action may proceed further. Parenthetically, we do not believe it is sufficient to replace the named representative plaintiff with another class member, while retaining the same counsel, because this would permit an attorney to bring a suit to benefit his or her firm and later replace the representative party while protecting the firm's financial interest. (We have found nothing in the record to indicate that the attorneys for the plaintiff here acted in any way but in good faith.)

Apropos of section 57.2(a)(3), we see another issue raised based on a contention of the defendant that plaintiff's year-and-a-half delay, between the time the defendant computerized its billing process and the time the plaintiff gave notice of an alleged breach (Ill. Rev. Stat. 1971, ch. 26, par. 2—607(3)(a)), was unreasonable. First, whether the delay was unreasonable is a question for the trial court. (A consideration is whether the code on the invoice, BKPST TRANS-INS, was so cryptic as to render the delay a reasonable one.) Second, should the plaintiff be found to have engaged in an unreasonable delay before

giving notice, this would not necessarily dictate that other members of the class must also fail in the litigation. It would be patently unfair to absent class members if disposition of the merits of their claims were dependent on disposition of peripheral or nonsubstantive aspects of the representative plaintiff's grievance. In Federal court, a plaintiff, even though his or her right to litigate no longer exists, may nevertheless be permitted to continue representation of the class. In each of the cases cited below, the courts of appeal remanded to the trial court for further proceedings with regard to other class members where the named plaintiff's grievance was dismissed. (*Roberts v. Union Co.* (6th Cir. 1973), 487 F.2d 387; *Martin v. Thompson Tractor Co.* (5th Cir. 1973), 486 F.2d 510; *Smith v. Delta Air Lines, Inc.* (5th Cir. 1973), 486 F.2d 512; *Moss v. Lane Co.* (4th Cir. 1973), 471 F.2d 853. See *Donaldson v. Pillsbury Co.* (8th Cir. 1977), 554 F.2d 825; see also *East Texas Motor Freight System, Inc. v. Rodriguez* (1977), 431 U.S. 395, 52 L. Ed. 2d 453, 97 S. Ct. 1891.) We agree that where the representative plaintiff is unable or not permitted to continue to litigate, further proceedings pertaining to the other class members are justified; and, in such a situation, that a new class representative should be named to insure the protection of other members. This would assure compliance with section 57.2(a)(3). In the instant case, the circuit court must determine whether the plaintiff's delay was so unreasonable as to necessitate his dismissal as class representative.

The last requirement of section 57.2 is that the action be "an appropriate method for the fair and efficient adjudication of the controversy." This prerequisite is met. The common question above is dispositive of the actions of the other members of the class against the defendant, subject to the proofs they must make. In short, "the facts we have considered make manifest that the final requirement of the statute *** is fulfilled." *Steinberg v. Chicago*

240

*Medical School* (1977), 69 Ill. 2d 320, 339.

Given our disposition of the issues above, we find it unnecessary to address the other contentions of the plaintiff. We reverse the judgment of the appellate court, vacate the January 23, 1976, order of Judge Wosik, and remand the cause to the circuit court with directions to require new counsel for the representative plaintiffs and to determine the initial question of whether the delay in giving notice to Follett Publishing Co. was unreasonable. Thereafter, the class action, when these conditions are met, should proceed.

*Appellate court reversed; circuit court order vacated; cause remanded, with directions.*