JUSTICE BURKE, dissenting:
¶1 The order entered in this matter states that the petition for leave to appeal is "denied." From this, one would assume that a majority of this court has concluded that the petition does not meet the criteria for discretionary review under Illinois Supreme Court Rule 315 (eff. July 1, 2018) and has, therefore, voted to deny the petition. However, this is not the case. In fact, there is no majority: three justices have voted to allow the petition, three justices have voted to deny, and one justice is not participating.
¶2 Petitions for leave to appeal are subject to the rule, under article VI, section 3, of the Illinois Constitution of 1970, that four concurring votes are necessary for a decision from this court. PHL, Inc. v. Pullman Bank & Trust Co., 181 Ill.2d 575 (1998). Because, in this case, there are neither four votes to grant nor to deny the petition for leave to appeal, the appropriate disposition under our constitution is to dismiss the petition without decision, not to deny it. Id.; see also Perlman v. First National Bank of Chicago, 60 Ill.2d 529 (1975) (per curiam). The court here makes no attempt to explain how, in the absence of four concurring votes to deny, its denial order comports with the constitution.
¶3 Further, the parties and the public have a right to be given accurate information about the cases before this court. "Deny" is not the same thing as "dismiss." The court's order states that the petition for leave to appeal has been "denied" when, in fact, there are not four concurring votes to deny. Simply put, the order is telling the parties and the public something that is not true.
¶4 This is not the first time this court has entered an order denying a petition for leave to appeal despite the lack of four concurring votes to deny. See People v. Perkins, No. 123555 (Ill. Sept. 26, 2018) (denial order); Johnson v. Pneumo Abex, LLC, No. 123820 (Ill. Sept. 26, 2018) (denial order). Yet there have been other instances when the court has properly entered a dismissal order when there were not four concurring votes for a decision. For example, in PHL, the court dismissed a petition for leave to appeal rather than deny it because two justices had recused themselves and the court was not able to "secure the constitutionally required concurrence of four judges for a decision." PHL, 181 Ill.2d 575. And, just last fall, the court dismissed a full court motionl rather than deny it because, again, two justices had recused themselves and the court was not able to "secure the constitutionally required concurrence of four judges for a decision." Chicago Public Media, Inc. v. Gaughan, No. 123880 (Ill. Sept. 12, 2018) (dismissal order). No effort has been made by the court to reconcile these conflicting positions.
¶5 The denial order in this case is not supported by four concurring votes to deny. The order does not accurately reflect the votes cast by the members of this court and violates article VI, section 3, of the Illinois Constitution of 1970.1 must, therefore, respectfully dissent. 1 Like petitions for leave to appeal, motions that are heard by the full court are subject to the constitutional rule that four concurring votes are necessary for a decision. See Jackson v. Board of Election Commissioners, 2012 IL 111928, ¶ 21.